STATE OF NEBRASKA, APPELLEE, V. DANIEL E. CURNYN,
APPELLANT.

274 N. W. 2d 157

Filed January 17, 1979. No. 42123.

Daniel E. Curnyn, pro se.

Paul L. Douglas, Attorney General, and Robert F.
Bartle, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH,
McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and
BLUE, District Judge.

BRODKEY, J.

The defendant, Daniel E. Curnyn, in an informa-
tion filed on February 10, 1976, was charged with the
burglary of a dwelling located at 5209 Western Ave-
nue, in the city of Omaha, in Douglas County, Ne-
braska. Counsel from the public defender's office
was appointed to represent the defendant. On Feb-
ruary 19, 1976, the defendant, together with his coun-
sel, appeared for arraignment and entered a plea of
not guilty to the charge. Thereafter, on April 15,
1976, pursuant to a plea bargain arranged with the
county attorney's office, the defendant and his coun-
sel appeared before the Honorable John T. Grant,

District Judge. Defendant requested and was granted permission to withdraw his prior plea of not guilty. At that time, he was rearraigned on the burglary charge, and entered a plea of guilty. His arraignment at that time was full and complete, and defendant does not challenge the sufficiency of the arraignment, with one exception. It appears from the record that at the arraignment on April 15, 1976, the court did not specifically inform the defendant of the statutory penalties applicable to the offense of burglary. In any event, the record reveals the defendant appeared before the court for sentencing on July 19, 1976, at which time the court inquired whether either the defendant or his counsel had anything to say why sentence should not be passed against the defendant or anything to say with reference to the nature of the sentence. The record also reveals the defendant then addressed the court personally, following which the court sentenced the defendant to imprisonment in the Nebraska Penal and Correctional Complex for a period of 5 years. At the sentencing, neither defendant nor his attorney made any mention of or objected to the failure by the court to inform the defendant of the penalties for burglary at the time he was arraigned.

Thereafter, defendant-appellant perfected his appeal to this court, case No. 40995, alleging in his brief: "The District Court committed reversible error when in arraigning the defendant at the time of the acceptance of the defendant's plea of guilty, the Court, failed to advise the defendant of the statutory penalty for the charge of burglary." We did not, however, reach the merits of the issue presented in that appeal, for the reason that on May 2, 1977, pursuant to a motion filed by the State of Nebraska for summary affirmance under Rule 20-A of the rules of this court, we sustained the motion of the State because of the failure of the defendant to file a motion for a new trial within 10 days after the ver-

dict was rendered. See section 29-2103, R. R. S. 1943, and State v. Price, 198 Neb. 229, 252 N. W. 2d 165 (1977). It appears that nothing further was done in this case until March 22, 1978, at which time the defendant filed a motion to vacate and set aside the judgment and sentence pursuant to the provisions of the Nebraska Post Conviction Act, alleging there had been a denial and infringement of his rights so as to render the judgment and sentence void or voidable under the Nebraska Constitution and United States Constitution because the court failed to advise him of the statutory penalty for the charge of burglary. Defendant further alleged that: "* * * no reference whatsoever was ever made by the Court insofar as would inform him as to the mandatory minimum sentence and/or the maximum sentence which could be imposed on him as sentence for the offense charged; * * *." On April 18, 1978, the court entered an order finding, among other things, that upon examination of the files and records of the case the court concluded the defendant was entitled to no relief; and denied defendant's motion. Defendant has now perfected an appeal to this court from that order.

The sole issue in this case is whether the conviction and sentence of the defendant must be vacated and set aside because of the failure of the court, during arraignment, to inform the defendant of the range of penalties for the offense of burglary. Defendant argues, in support of his position, that in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971), we established the rule that the American Bar Association Minimum Standards Relating to Pleas of Guilty, adopted in 1968, shall be the minimum standards to be applied in this state in accepting pleas of guilty, and that section 1.4 of those standards provides, among other things, the court should not accept a plea of guilty without first addressing the defendant personally and advising him of the maxi-

mum possible sentence and the mandatory minimum sentence.

In its brief on appeal, the appellee, the State of Nebraska, sets forth several arguments in support of its position that the judgment of the District Court should be affirmed. It first contends that the sole issue raised on this appeal was previously raised and summarily affirmed in a prior decision of this court. While the issue was raised in the briefs on the appeal of this matter, and it is also true that the former appeal was later summarily dismissed, as previously pointed out, we did not reach the merits of the issue in that appeal, and the summary affirmance was on procedural grounds only. That being so, we do not believe we are precluded in this appeal from considering the issue on its merits.

Appellee next contends the trial court did not err in accepting and entering judgment on defendant's plea of guilty when the record reflects the plea was entered intelligently and voluntarily and when it is clear the defendant was aware of the possible penalties involved as a consequence of his guilty plea. In State v. Turner, *supra*, we stated: " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " We also held in that case, however, that: "The criteria is whether or not the defendant understands the relevant factors involved in a guilty plea. Before accepting a guilty plea a judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible penalty, and the effect of his plea." We also adopted the Standards Relating to the Pleas of Guilty promulgated by the American Bar Association as the minimum procedure in the taking of such pleas. The State argues that State v. Painter, 195 Neb. 183, 237 N. W. 2d 142 (1976) is precedent for deciding the instant case. In Painter, this court noted

that a guilty plea may be accepted even when a trial judge fails specifically to advise a defendant, on the record, of the potential penalties involved as a consequence of entering a guilty plea. However, appellant contends the instant case is distinguishable from Painter, as in that case the trial court asked the defendant if he was aware of the penalties and whether he had discussed them with his attorney, to which he answered in the affirmative. Also in Painter the defendant's attorney stated he had informed his client of the penalties. There is no evidence of a direct nature in the record to indicate that anything similar was done in the instant case, although the State strenuously argues it may be inferred from the record that defendant was aware of the penalties. We believe this case should be governed by the principles announced in State v. Lewis, 192 Neb. 518, 222 N. W. 2d 815 (1974). In that case we stated: "The practice of advising a defendant who is about to enter a plea to a felony of the possible penalties on conviction, although not made mandatory by any statute in this state, is one of long standing in this jurisdiction and antedates the adoption of the standards in State v. Turner, *supra*. No doubt the failure in this case is the result of oversight and failure to use a check list. In Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, upon which the defendant relies, the Supreme Court of the United States vacated the judgment of conviction and ordered that the defendant be permitted to plead again. We do not interpret that case as holding that under a record such as we have in this case any such procedure is constitutionally required. *The constitutional requirement is that the plea be voluntary and intelligent and the determination of that fact be reliably determined.* * * * The record here supports at least by implication a conclusion that the defendant in fact knew the consequences of her plea. This implication arises from the fact that

she was represented by counsel throughout and had adequate consultation with him, and that when she was advised of the penalties just before sentencing she expressed no surprise, and when asked if she had any reason to give why sentence should not be imposed, she gave no relevant response. Further, at that time her counsel did, in her presence, say that no legal reason existed why sentence should not be imposed." (Emphasis supplied.). Most of the elements, set out above, as justifying an implication that defendant knew the consequences of the plea are also present in the instant case.

It appears that, as stated in Lewis, the constitutional requirement for acceptance of guilty pleas is that the plea be voluntary and intelligent and the determination of that fact be reliably determined. It is difficult to conceive how a guilty plea can be voluntary and intelligent unless and until the defendant is informed or is made aware of the possible penalties to which he may be subjected by making such a plea.

Since, in this case, the extent of the defendant's knowledge of the applicable penalties is a matter in dispute and cannot be clearly determined from the record of this case without indulging in inferences, we deem it advisable, without vacating and setting aside defendant's conviction and sentence, to remand this matter to the trial court with leave to the defendant to apply to the trial court to withdraw his plea. Should defendant fail to do so within 10 days of the issuance of the mandate in this case, then the sentence shall be carried into execution. If the defendant elects to withdraw his plea, the trial court shall hold an evidentiary hearing to determine whether the defendant was, in fact, aware of the possible penalties for the offense of burglary at the time he entered his plea. If the court finds he was not aware of the penal consequences of the plea, the judgment of conviction shall be deemed vacated and

he shall be permitted to plead again. If it determines the defendant was aware of the penalties and consequences of the plea, the judgment and sentence shall stand.

REMANDED WITH DIRECTIONS.