STATE OF NEBRASKA, APPELLEE, V. CHARLES H. FISCHER,
APPELLANT.

357 N.W.2d 477

Filed November 9, 1984.   No. 84-369.

Arthur C. Toogood of Toogood and McGath, for appellant.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Defendant was charged with first degree sexual assault in Adams County District Court. Defendant entered a plea of not guilty, and the public defender was appointed to defend him. Defendant's motion to suppress statements he gave to police was overruled. Subsequently, defendant changed his not guilty plea to guilty and, after a determination that he was not a mentally disordered sex offender, was sentenced to 15 to 25 years in the Nebraska Penal and Correctional Complex.

The facts are not in dispute. Defendant, age 26, seized the victim, one of his former junior high school teachers, in her garage. Defendant was wearing a gorilla mask, which he later removed. He dragged the victim into the house, tried to tie her up, had an unsuccessful attempt to rape her, and later succeeded. After about an hour and a half, the victim was allowed to go to the bathroom. She succeeded in jumping out the bathroom window, seriously injuring her right arm and hand in the process. Defendant has no prior felony record—only a series of misdemeanors and traffic infractions.

Defendant presents two assignments of error: (1) The trial court abused its discretion in not placing defendant on probation; and (2) The sentence is excessive. While the

assignments of error are without merit, we note plain error on another issue and remand the case.

In reviewing the record we find that at no time during the hearing during which defendant changed his plea did the trial court inform the defendant as to the penalty the crime carried. In *State v. Turner*, 186 Neb. 424, 425-26, 183 N.W.2d 763, 765 (1971), we stated: "Before accepting a guilty plea a judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible penalty, and the effect of his plea."

Here, a close reading of the bill of exceptions shows that the trial court had no dialogue with defendant informing defendant of the statutory penalty of 1 to 50 years' imprisonment.

In *State v. Curnyn*, 202 Neb. 135, 274 N.W.2d 157 (1979), the record did not establish conclusively that the defendant had been advised of the possible penalties when he entered his guilty plea. There, as here, there was some evidence implying that the defendant was aware of the consequences of his plea. We remanded the *Curnyn* case with specific directions to the sentencing court. We generally follow the *Curnyn* case in this case.

We therefore remand this case to the sentencing court. In such court, defendant is granted the right to apply to that court for leave to withdraw his plea of guilty. Should defendant fail to exercise that right to seek withdrawal of his plea within 10 days of the issuance of the mandate in this case, then the sentence heretofore entered by the sentencing court shall stand.

If the defendant elects to withdraw his plea, the trial court shall hold an evidentiary hearing to determine whether the defendant was, in fact, aware of the possible penalties for the offense in question at the time he entered his plea. If the court finds that defendant was not aware of the penal consequences of the plea, the judgment of conviction shall be deemed vacated and he shall be permitted to plead again. If the court determines that defendant was aware of the penalties and consequences of the plea, the judgment and sentence shall stand.

Defendant asserts that he should not have been denied probation. While the trial judge did not specifically comment

on Neb. Rev. Stat. § 29-2260(2) (Cum. Supp. 1984), the record indicates that he determined that withholding sentence in favor of probation in this case would serve to "depreciate the seriousness of the offender's crime or promote disrespect for law." The denial of probation was proper.

Likewise, defendant's contention that the sentence of 15 to 25 years was excessive is without merit. The statutory penalty for the crime is 1 to 50 years. Neb. Rev. Stat. § 28-105 (Reissue 1979). The victim here was a former teacher of the defendant, a motivating factor in the assault. She was held for over an hour and a half and was seriously injured. Under the circumstances the sentence was not excessive.

REMANDED WITH DIRECTIONS.