STATE OF NEBRASKA, APPELLEE, V. SHEDRICK WILLIAMS, APPELLANT.

370 N.W.2d 150

Filed July 5, 1985.    No. 84-816.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

A. Eugene Crump, Deputy Attorney General, and Charles E. Lowe, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

In this appeal from his conviction following his plea of guilty to the offense of forgery of an instrument having a face value of $300 or more, the defendant assigns as a single error the failure of the trial court to inform him, prior to taking the plea, of the maximum and minimum penalties possible upon conviction. The State concedes that the record does not reflect that the defendant was so informed.

In *State v. Turner*, 186 Neb. 424, 425-26, 183 N.W.2d 763, 765 (1971), we stated: "Before accepting a guilty plea a judge is

expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible penalty, and the effect of his plea."

Under similar facts, since *State v. Curnyn*, 202 Neb. 135, 274 N.W.2d 157 (1979), we have adopted the following procedure:

> We therefore remand this case to the sentencing court. In such court, defendant is granted the right to apply to that court for leave to withdraw his plea of guilty. Should defendant fail to exercise that right to seek withdrawal of his plea within 10 days of the issuance of the mandate in this case, then the sentence heretofore entered by the sentencing court shall stand.
>
> If the defendant elects to withdraw his plea, the trial court shall hold an evidentiary hearing to determine whether the defendant was, in fact, aware of the possible penalties for the offense in question at the time he entered his plea. If the court finds that defendant was not aware of the penal consequences of the plea, the judgment of conviction shall be deemed vacated and he shall be permitted to plead again. If the court determines that defendant was aware of the penalties and consequences of the plea, the judgment and sentence shall stand.

*State v. Fischer*, 218 Neb. 678, 679, 357 N.W.2d 477, 478 (1984); *State v. Schaeffer*, 218 Neb. 786, 359 N.W.2d 106 (1984); *State v. McMahon*, 213 Neb. 897, 331 N.W.2d 818 (1983).

The cause is remanded to the district court for proceedings in conformity with this opinion.

REMANDED WITH DIRECTIONS.