STATE OF NEBRASKA, APPELLEE, V. CHARLES H. FISCHER, APPELLANT.
371 N.W.2d 316

Filed August 2, 1985.   No. 85-061.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

In *State v. Fischer*, 218 Neb. 678, 357 N.W.2d 477 (1984), this case was remanded to the trial court and defendant given the opportunity to apply to that court for leave to withdraw his plea of guilty because the trial court had not advised defendant of the possible penalty when defendant entered his guilty plea. We further directed the trial court, if defendant so applied to withdraw his plea, to hold an evidentiary hearing to determine if defendant was, in fact, aware of the possible penalty for the offense in question at the time he entered his plea. The underlying facts of the case were set out in *State v. Fischer, supra*.

The defendant filed a motion to withdraw his plea, and an evidentiary hearing was held. At that hearing the evidence showed (by the introduction of the record before the county court) that at the hearing before the county court for Adams County on the complaint filed against defendant, the county attorney prosecuting the case read the complaint verbatim to defendant in open court and told defendant, "This is a Class II felony providing a possible penalty of not less than one nor more that 50 years in the penal complex." The county court judge then asked defendant if he understood the possible penalty associated with the charge, and defendant stated that he did understand.

Other evidence adduced at the hearing on defendant's motion to withdraw his plea included the testimony of defendant himself. After waiving his privilege against self-incrimination, defendant testified that he was told in county court that the penalty was 1 to 50 years, that his attorney informed him that the possible penalty was 1 to 50 years in the

penal complex, and that he was aware of the penalty at all times before and after he entered his plea, although on the day of the plea he was "hazy." At the time of entering his plea of not guilty, the trial court asked defendant if he understood "the penalties that could be imposed on you." The defendant answered, "Yes, sir." Based on the evidence at the hearing on defendant's motion to withdraw his plea, the trial court found "the evidence is overwhelming here that the defendant was in fact aware of the possible penalties." The evidence fully supports the trial court's finding as to defendant's knowledge of the possible penalty at the time of his plea.

On this appeal defendant contends that if the trial court neglects to inform him of the penalty, his plea of guilty may not stand. We do not agree. The test is whether defendant entered his plea of guilty knowingly, intelligently, voluntarily, and understandingly. A defendant must know the penalty for the crime to which he is pleading guilty in order to enter a knowing and intelligent plea. Although it is preferable that the trial judge accepting a defendant's plea inform the defendant of the possible penalty, it is possible to prove defendant's knowledge of that penalty, at the time of his plea, by other means. The State has so proved defendant's knowledge in this case, and defendant's motion to withdraw his plea was properly denied and defendant's sentence properly affirmed.

AFFIRMED.