STATE OF NEBRASKA, APPELLEE, V. JAMES WAR BONNETT,
APPELLANT.

428 N.W.2d 508

Filed September 2, 1988.   No. 87-332.

Dean S. Forney, Box Butte County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz for appellee.

HASTINGS, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and CORRIGAN, D.J.

PER CURIAM.

The defendant was charged with the theft of a 1983 GMC truck belonging to United Parcel Service. The theft occurred in Alliance, Nebraska, and the truck was found rolled in a ditch 42 miles east of Alliance. Damage to the truck was totaled at $5,074.62.

The district court accepted a plea of guilty to theft, a Class IV felony, pursuant to a plea agreement which provided that the State would reduce the theft charge from a Class III felony to a Class IV felony and the defendant would enter a plea of guilty to the reduced charge. The court accepted the plea, found the defendant guilty, and ordered a presentence investigation.

The defendant was sentenced to the Box Butte County jail for a period of 1 year and ordered to pay the costs of prosecution and to make restitution of $5,074.62 within 5 years from March 10, 1988, in payments of not less than one-fifth of $5,074.62 per year.

At the arraignment the court informed the defendant that if

he entered a plea of guilty, he could be subjected to 5 years in prison and a $10,000 fine. But the court did not inform the defendant of the possibility that restitution could be ordered under Neb. Rev. Stat. § 29-2280 (Cum. Supp. 1988).

Defendant appeals, contending that the plea was not valid because it was not entered voluntarily, knowingly, and intelligently.

In the case of *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987), this court held that a restitution order by a court pursuant to § 29-2280 is a criminal penalty imposed as punishment for the crime. Therefore, merely informing the defendant of the possible jail sentence and fine was not sufficient to allow the court to impose a restitution order.

In *State v. Curnyn*, 202 Neb. 135, 140, 274 N.W.2d 157, 161 (1979), this court said: "It is difficult to conceive how a guilty plea can be voluntary and intelligent unless and until the defendant is informed or is made aware of the possible penalties to which he may be subjected by making such a plea."

The court finds the plea in this case to be deficient. Accordingly, as required by *State v. Fischer*, 218 Neb. 678, 357 N.W.2d 477 (1984); *State v. Hall*, 222 Neb. 51, 381 N.W.2d 926 (1986); and *State v. Curnyn, supra*, we remand the cause to the district court for further proceedings as mandated by those cases.

REMANDED FOR FURTHER PROCEEDINGS.

CORRIGAN, D.J., dissenting.

In *State v. Holmes*, 221 Neb. 629, 379 N.W.2d 765 (1986), this court held that restitution (the retaining of drug-buy money) pursuant to Neb. Rev. Stat. § 28-427 (Reissue 1985) was in the nature of a civil or administrative penalty, not a criminal penalty imposed as punishment for the crime.

In *State v. Heaton*, 225 Neb. 702, 407 N.W.2d 780 (1987), where restitution was ordered under the probation statute, Neb. Rev. Stat. § 29-2262 (Reissue 1985), this court held that the trial court could not impose a jail sentence for a failure to pay restitution absent an evidentiary hearing clearly and convincingly showing the failure to pay was willful.

In *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987), a restitution order under Neb. Rev. Stat. § 29-2280 (Cum. Supp.

1988), a statute allowing restitution to be ordered which is not part of the probation order, was held to impose a criminal penalty rather than a civil penalty.

The court seems to be putting form ahead of substance. All restitution ordered in a criminal case should be declared to be a civil penalty. Furthermore, trial judges should not be required to parrot various restitution holdings before accepting a plea of guilty.

I respectfully dissent from the majority holding.