STATE OF NEBRASKA, APPELLEE, V. BRYAN L. MENTZER, APPELLANT.

448 N.W.2d 409

Filed November 22, 1989.   No. 89-772.

844

James H. Truell, York County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Caporale, J.

As the result of a plea bargain whereunder plaintiff-appellee State dismissed six other charges, the defendant-appellant, Bryan L. Mentzer, pled nolo contendere to having possession of a controlled substance, methamphetamine, in violation of Neb. Rev. Stat. § 28-416 (Cum. Supp. 1988), and to second offense driving while intoxicated, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1988). He was thereafter adjudged guilty of those charges. On the possession conviction, Mentzer was sentenced to imprisonment for a period of not less than 20 months nor more than 5 years. On the driving while intoxicated conviction, he was sentenced to a consecutive term of imprisonment for a period of 1 month and to revocation of his operator's license for a period of 1 year, and was ordered to make restitution in the sum of $300. Mentzer assigns as error only the claim that the district court erred by imposing excessive sentences. We affirm in part and in part vacate and remand for resentencing.

The possession conviction is a Class IV felony. § 28-416; Neb. Rev. Stat. § 28-405 [Schedule II(c)(3)] (Cum. Supp. 1988). As such, it is punishable by imprisonment for a period of zero to 5 years, a $10,000 fine, or both such imprisonment and fine. Neb. Rev. Stat. § 28-105 (Reissue 1985). The driving while intoxicated conviction is a Class W misdemeanor, for which the mandatory punishment is imprisonment for a period of 30 days, a $500 fine, and revocation of the convict's operator's license for a period of a year. Neb. Rev. Stat. § 28-106 (Cum. Supp. 1988); § 39-669.07. In addition, the district court was authorized to require Mentzer to make restitution for the damage he caused by driving while intoxicated. Neb. Rev. Stat. § 29-2280 (Cum. Supp. 1988).

The rule controlling disposition of Mentzer's assignment of error is that an order denying probation and imposing a sentence within statutorily prescribed limits will not be disturbed on appeal absent an abuse of discretion. *State v. Jenson*, 232 Neb. 403, 440 N.W.2d 686 (1989). Nonetheless, Mentzer urges he should have been placed on probation because he has kept himself relatively free of encounters with police authorities since his release from prison in 1976. However, this argument overlooks that this is the second time since 1983 that Mentzer has been convicted for driving while intoxicated and that his earlier period of imprisonment, for burglary and robbery, has obviously not yet taught him to refrain from the criminal activity of possessing controlled substances. It therefore cannot be said that the district court abused its discretion in not placing Mentzer on probation.

Although not assigned as error, Mentzer nevertheless argues that his plea was not voluntarily and intelligently entered because the district court erred in failing to advise him that one of the consequences of his plea was that he might be called upon to make restitution for the damage he caused by striking another vehicle. It is true, we have held that the failure to inform a defendant of the possibility of restitution renders the entry of a plea of guilty involuntary and unintelligent in that regard and consequently prevents the imposition of an order of restitution. *State v. War Bonnett*, 229 Neb. 681, 428 N.W.2d 508 (1988). However, we have also held that while in order for a

defendant to enter a voluntary and intelligent plea of guilty, he or she must know the penalty for the crime to which he or she is pleading, and although it is preferable that such knowledge be imparted by the judge accepting the plea, it is nonetheless possible to prove the defendant's knowledge by other means. *State v. Fischer*, 220 Neb. 664, 371 N.W.2d 316 (1985). In this instance, in an effort to persuade the district court to place him on probation, Mentzer, through his attorney, advised that he was "willing to make any restitution that would be ordered proper and necessary in this case to the damage to the vehicle that was parked . . . ." Thus, even if Mentzer had assigned the district court's failure in this regard as error, it would have availed him nothing.

Yet, the driving while intoxicated sentence must be vacated, for, as the State points out as plain error, it is erroneous, first, because it fails to impose the mandatory $500 fine and, second, because the authorized period of imprisonment is 30 days, not 1 month.

Inasmuch as this court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced, *State v. Ferrell*, 218 Neb. 463, 356 N.W.2d 868 (1984), we vacate the sentence imposed for the driving while intoxicated conviction and remand the cause for imposition of the sentence required by law. There being no error or abuse of discretion in the sentence for the possession conviction, that sentence is affirmed.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.