STATE OF NEBRASKA, APPELLEE, V. TODD A. SPAHNLE, APPELLANT.

469 N.W.2d 780

Filed May 31, 1991.   No. 90-1217.

Dennis R. Keefe, Lancaster County Public Defender, and Susan R. Tast for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Todd A. Spahnle pled guilty to four misdemeanors in county court after waiving his right to counsel, and he was sentenced to a total of 9 months in county jail and fined $100. On appeal to the district court, he asserted that his pleas had not been entered knowingly, intelligently, and voluntarily and that he should have been allowed to withdraw his pleas. The district court affirmed, and he appeals to this court. We affirm.

Spahnle was charged following an incident at Branched Oak Lake, near Lincoln, Nebraska, in June 1990, in which a car driven by Spahnle struck another man, who stepped in front of the car. Spahnle did not stop to give assistance, and the man died as a result of the accident. The defendant was charged with violation of duty following an accident, see Neb. Rev. Stat. § 39-6,104.01 (Reissue 1988); fictitious plates, see Neb. Rev. Stat. § 60-323 (Reissue 1988); no valid registration, see Neb.

Rev. Stat. § 60-302 (Cum. Supp. 1990); and no proof of insurance, see Neb. Rev. Stat. § 60-570 (Reissue 1988).

At his arraignment on July 18, 1990, Spahnle was informed of the charges against him, the possible penalties, and the possibility that the sentences could be consecutive. The prosecution provided a factual basis for the charges. Spahnle waived his right to an attorney and entered his guilty pleas. The court found that the pleas were knowingly, voluntarily, and intelligently entered, and a presentence investigation was ordered.

After Spahnle met with a probation officer, he returned to court on his own motion and asked to change his pleas. The public defender was appointed, and at a hearing on the motion Spahnle said that he wished to change his pleas. He said he entered the guilty pleas only because the victim's family was present at the arraignment and he "felt bad." He told the court that he did not realize the full impact of his possible sentences until he met with the probation officer. The court denied his request.

Spahnle renewed his request to change his pleas prior to sentencing, and the motion was again overruled. The trial court found, based on the presentence report, that Spahnle was not a good candidate for probation, and he was sentenced to 6 months in jail for the violation of duty charge and 3 months in jail for no proof of insurance. He was fined $50 each for the other two charges. On appeal, the district court affirmed the county court.

Spahnle's assignments of error combine to assert that the district court erred in affirming the county court's finding that his guilty pleas were entered knowingly, voluntarily, and intelligently, and in refusing to allow him to withdraw his pleas.

We find that the county court followed the requirements for accepting the guilty pleas, as specified in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). We must then determine if Spahnle should have been allowed to withdraw those pleas at a later date.

We have held that prior to sentencing, a court should allow the defendant to withdraw his plea "for any fair and just reason, provided that the prosecution would not be

substantially prejudiced by its reliance upon the plea." *State v. Nearhood*, 223 Neb. 768, 770, 393 N.W.2d 530, 532 (1986). "The burden is upon the defendant to establish by clear and convincing evidence the grounds for withdrawing a plea." *Nearhood, supra* at 771, 393 N.W.2d at 533. The withdrawal of a plea "is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion." *Id.*; *State v. Minshall*, 227 Neb. 210, 416 N.W.2d 585 (1987).

The only reasons that Spahnle gave for his request to withdraw his guilty pleas are that he entered them because the family of the victim was present in the courtroom and a friend advised him to "plead guilty to get it done with faster." He was not represented by counsel at the time of the entry of the pleas, but the record clearly shows that he waived the right to counsel on three occasions. His asserted explanation for withdrawing the pleas does not constitute a "fair and just reason."

The defendant has not met his burden of demonstrating a basis for withdrawing his pleas, and we do not find any evidence of an abuse of discretion on the part of the trial court.

We find, however, that the county court did not order a revocation of Spahnle's license for 1 year following his release from jail, as required by Neb. Rev. Stat. § 39-6,104.03 (Reissue 1988). We therefore remand to the district court with directions to remand to the county court to impose a 1-year license revocation. The decision of the county court, affirmed by the district court, is affirmed in all other respects.

AFFIRMED AND REMANDED WITH DIRECTIONS.

FAHRNBRUCH, J., not participating.