STATE OF NEBRASKA, APPELLEE, V. AUBREY W. SANDERS, APPELLANT.

490 N.W.2d 211

Filed October 9, 1992.   No. S-91-338.

Aubrey W. Sanders, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Appellant, Aubrey W. Sanders, and a codefendant were arrested in November 1987 in connection with three burglaries involving three tire stores. Since no evidence linked the recovered tires and the third burglarized tire store, appellant was charged with only two counts of burglary, in violation of Neb. Rev. Stat. § 28-507(1) (Reissue 1989). Appellant pled guilty and was sentenced to 2 years' probation, 180 days in the Douglas County jail, court costs, and restitution in the amount of $333.21, or one-half the total damages arising out of the burglaries.

While on probation, appellant was charged with shoplifting in the State of Iowa on January 24, 1990, thereby violating the

terms of his probation. Appellant pled guilty to violation of probation on February 8 and was sentenced to 3 to 10 years' imprisonment on each of the burglary counts, to be served consecutively. Credit was granted for 212 days served. Appellant's attorney delayed his filing of a direct appeal and instead filed a motion for sentence reduction, which was not ruled upon until more than 30 days after the sentencing date, thereby barring appellant's direct appeal. Sanders appeals from the district court's order denying his motions for postconviction relief, appointment of counsel, and an evidentiary hearing.

## ASSIGNMENTS OF ERROR

Appellant alleges, in summary, that the district court erred by denying his constitutional right to due process under the 14th Amendment by nature of the following: accepting a guilty plea which had not been entered into knowingly or intelligently, imposing sentences for burglary and probation which did not comply with the statutory provisions, denying appellant his right of appeal, denying appellant his right to inspect his presentence investigation report and refute erroneous information contained therein, and denying appellant the effective assistance of counsel. Appellant further generally alleges that the court erred by denying an evidentiary hearing on the matter, not appointing counsel to represent appellant in the postconviction proceedings, and failing to provide appellant the opportunity to amend the postconviction motion prior to dismissal.

## DISCUSSION

An evidentiary hearing on a postconviction motion is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. See, *State v. Schneckloth*, 235 Neb. 853, 458 N.W.2d 185 (1990); *State v. Start*, 229 Neb. 575, 427 N.W.2d 800 (1988); *State v. Jackson*, 226 Neb. 857, 415 N.W.2d 465 (1987); *State v. Malek*, 219 Neb. 680, 365 N.W.2d 475 (1985). In an appeal involving a proceeding for postconviction relief, the lower court's findings will be upheld unless clearly erroneous. *State v. Rubek*, 225 Neb. 477, 406 N.W.2d 130 (1987).

## DUE PROCESS VIOLATIONS:
## INEFFECTIVE ASSISTANCE OF COUNSEL

Within appellant's ineffective assistance of counsel argument, he complains that he has been deprived of a fair sentence, his right of direct appeal, his right to inspect the presentence investigation report, and a voluntary and intelligent guilty plea. Appellant alleged that his attorney did review the presentence investigation, but did not afford appellant the opportunity to personally review the report and rebut allegations contained therein.

Appellant further alleges that his court-appointed counsel failed to inform him that forcible breaking and entering was a necessary element for the charge of burglary and that appellant's failure to do so constituted a viable defense to the charge; hence, he contends that his guilty plea was not knowingly or intelligently made.

The evidence was uncontested that appellant had been approached by the codefendant 2 weeks prior to the burglaries and was asked for his assistance in the endeavor. The codefendant offered to award appellant $1,000 for his participation in the burglaries, to be paid out of the proceeds from the sale of the stolen merchandise. Two weeks later, appellant agreed to participate, and he did so on the night of the burglaries. He consistently testified that he had merely driven the vehicle, had not entered or carried the stolen goods, and had not so much as trespassed, as he claimed he had parked the getaway truck on the public streets.

Appellant's contention that, due to these facts, he could not be charged with or convicted of burglary, clearly is contrary to Nebraska law. Neb. Rev. Stat. § 28-206 (Reissue 1989) specifically states that any person "who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender." Aiding and abetting involves some participation in the criminal act and must be evidenced by some word, act, or deed. No particular acts are necessary; nor is it necessary that any physical part in the commission of the crime is taken, or that there was an express agreement therefor. Mere encouragement or assistance is sufficient. *State v. Bennett*, 219 Neb. 601, 365 N.W.2d 423

(1985); *State v. True*, 210 Neb. 701, 316 N.W.2d 623 (1982). The assignment is without merit.

As to appellant's complaint that he was not afforded an opportunity to inspect the presentence investigation report and rebut the manner in which his restitution was calculated, the contention is without merit. The presentence investigation does contain certain information about the existence of and losses resulting from the third tire store's burglary; however, the fact remains that appellant was not charged with the third burglary, and no evidence suggests that this evidence was considered by the court in its acceptance of the guilty plea or at the sentencing phase.

Appellant claims that his sentence of restitution was excessive, not only because he was not apprised of the possibility that restitution could be ordered, but because a broken window in the burglary of the third tire store was factored into the restitution calculation. Appellant asserts that had he known restitution could be imposed, he would not have pled guilty to the charges. The failure to inform a defendant of the possibility of restitution as a sentence renders the entry of a plea of guilty involuntary and unintelligent in that regard and consequently prevents the imposition of an order of restitution. See *State v. War Bonnett*, 229 Neb. 681, 428 N.W.2d 508 (1988). The fact that Sanders claims he was not apprised of the possibility of restitution in his case does not render his guilty plea involuntary. Since the restitution was a condition of probation, rather than a criminal penalty, his contention is without merit.

We next address appellant's claim that the broken window in the third burglary was factored into the calculation of restitution and that his attorney failed to object to the alleged error. Appellant fails to allege sufficient facts to support his allegation. An inspection of the record reveals only that three broken windows were listed as out-of-pocket losses of the victim business owner, and the record does not reveal whether one of the three broken windows was actually that of the third tire store, for which burglary appellant was not charged. His contention is without merit.

Finally, appellant claims that his counsel's erroneous belief

that he could file appellant's notice of appeal after the motion for sentence reduction had been ruled upon prejudiced appellant and deprived him of availing himself of any relief on direct appeal.

When one seeks postconviction relief based upon the allegation of the violation of the constitutional right to the effective assistance of counsel, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law area. Appellant must make a showing of how he was prejudiced in the defense of his case as a result of his attorney's actions or inactions and that, but for the ineffective assistance of counsel, there is a reasonable probability that the result would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. When one is unable to make such a showing, denial of the requested relief is required. *State v. Rubek*, 225 Neb. 477, 406 N.W.2d 130 (1987). See, also, *State v. Holloman*, 209 Neb. 828, 311 N.W.2d 914 (1981); *State v. Holloman*, 197 Neb. 139, 248 N.W.2d 15 (1976).

While a competent criminal attorney is expected to know the procedure for direct appeal and that filing a motion for a reduction in sentence does not toll the 30-day window for direct appeal, appellant fails to show how he has been prejudiced by his attorney's failure to file in a timely manner. He has raised no colorable ground for appeal of any merit and has raised no valid argument upon which relief can be afforded to him. Any appeal Sanders would have timely filed, at least on the merits of his argument here, would have been frivolous. The assignment is without merit.

## DENIAL OF EVIDENTIARY HEARING

Neb. Rev. Stat. § 29-3001 (Reissue 1989) sets forth, inter alia, "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Accord, *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989); *State v. Sowell*, 227 Neb. 865, 420

N.W.2d 704 (1988); *State v. Schaeffer*, 218 Neb. 786, 359 N.W.2d 106 (1984); *State v. Meredith*, 212 Neb. 109, 321 N.W.2d 456 (1982). We glean from the record no merit to appellant's petition for postconviction relief, and thus appellant was not entitled to a hearing.

## FAILURE TO APPOINT COUNSEL FOR POSTCONVICTION PROCEEDINGS

It is within the discretion of the district court to determine whether legal counsel shall be appointed to represent a defendant upon appeal to this court, and in the absence of a showing of an abuse of discretion, the failure to appoint an attorney in postconviction proceedings is not error. *State v. Paulson*, 211 Neb. 711, 320 N.W.2d 115 (1982); *State v. Hizel*, 181 Neb. 680, 150 N.W.2d 217 (1967). The assignment is without merit.

## FAILURE TO PERMIT POSTCONVICTION AMENDMENT

The record does not reveal that Sanders had requested an opportunity to amend his motion for postconviction relief; nevertheless, had he requested such amendment, we find that no prejudice resulted and that such denial was harmless error. The assignment is without merit.

For the foregoing reasons, we affirm the matter in its entirety.

AFFIRMED.