STATE OF NEBRASKA, APPELLEE, V.
GEORGE G. SCHULTZ, APPELLANT.

566 N.W.2d 739

Filed June 27, 1997.   No. S-96-1029.

Samuel J. Bethune, Platte County Public Defender, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

The case before us presents a question of whether the punishment for driving while under the influence of alcohol (DUI), fourth or subsequent offense, is controlled by Neb. Rev. Stat. § 28-106(1) or § 28-107(3) (Reissue 1995). We conclude that because § 28-106(1) is specifically concerned with punishment for DUI, fourth or subsequent offense, it, and not § 28-107(3), sets forth the appropriate punishment limitations for the offense.

## FACTS

Pursuant to a plea agreement, George G. Schultz pled no contest to the crime of fourth-offense DUI. The district court for Platte County sentenced Schultz to an indefinite period of not less than 2 nor more than 3 years' imprisonment, with credit for 2 days served. In addition, Schultz was fined $500 and had his driver's license revoked for a period of 15 years. Because Schultz pled no contest to the charge against him, his appeal of the sentence imposed was submitted without argument pursuant to Neb. Ct. R. of Prac. 11E(5) (rev. 1996).

## ASSIGNMENT OF ERROR

Schultz contends the district court erred in sentencing him to imprisonment for more than 1 year.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Merrill, ante* p. 510, 563 N.W.2d 340 (1997); *State v. Earl, ante* p. 127, 560 N.W.2d 491 (1997).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the decision made by the court below. *State v. Emrich,* 251 Neb. 540, 557 N.W.2d 674 (1997). See *State v. Thieszen, ante* p. 208, 560 N.W.2d 800 (1997).

## ANALYSIS

Schultz asserts that the maximum term of imprisonment that can be imposed on one found guilty of fourth-offense DUI is 1 year. The basis of his argument is § 28-107(3), which provides:

A misdemeanor defined by a statute outside this code, the sentence for which exceeds the sentence authorized in this code for a Class I misdemeanor, shall constitute for sentencing purposes a Class I misdemeanor. A person adjudged guilty under such law is deemed to be convicted of a Class I misdemeanor and shall be sentenced for a Class I misdemeanor in accordance with this code.

As Schultz correctly points out, the crime of driving under the influence is defined at Neb. Rev. Stat. § 60-6,196 (Reissue 1993), obviously outside the Criminal Code. As such, Schultz contends his sentence is excessive because the maximum punishment one can receive for being adjudged guilty of driving under the influence is equivalent to that imposed for a Class I misdemeanor: not more than 1 year's imprisonment, a $1,000 fine, or both. See § 28-106(1).

Although the crime of DUI is defined outside the Criminal Code, the Legislature has seen fit to prescribe a specific punishment for the crime, known as a Class W misdemeanor, which is set forth at § 28-106(1). This statute specifically sets forth the punishment for fourth- or subsequent-offense DUI to be a maximum of 5 years' imprisonment and a $10,000 fine, with a mandatory minimum of 1 year's imprisonment and a $500 fine. The State asserts that the district court did not abuse its discretion in sentencing Schultz within the confines of § 28-106(1), considering his past DUI offenses. Moreover, the State contends that § 28-107(3) does not apply in this particular case insofar as § 28-106(1) is more specific.

We have held that to the extent there is conflict between two statutes on the same subject, the specific statute controls over the general statute. *SID No. 2 v. County of Stanton, ante* p. 731, 567 N.W.2d 115 (1997); *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996). While § 28-107 may, at first glance, appear to set the punishment for DUI, a crime defined outside the Criminal Code, we cannot overlook the clear intention the Legislature set forth at § 28-106(1). The fact that a spe-

cific punishment for the crime of fourth-offense DUI is set forth in the Criminal Code at § 28-106(1) distinguishes the need to rely on the more general § 28-107(3), which concerns all misdemeanors defined outside the code. We therefore hold that the proper determination of punishment for fourth-offense DUI is governed by § 28-106(1), and not § 28-107(3). Thus, Schultz' assignment of error is without merit.

## CONCLUSION

Because Schultz' conviction for DUI was his fourth, the limitation of the district court's sentencing ability is set forth at § 28-106(1). From our review of the record, we conclude that the district court did not abuse its discretion in sentencing Schultz to an indefinite period of not less than 2 nor more than 3 years' imprisonment. We therefore affirm the decision of the district court.

AFFIRMED.