REQUESTED BY: Paul B. Schaub, Cheyenne County Attorney
You have asked whether a person convicted of driving while intoxicated, fourth or subsequent offense, may be sentenced to a term of probation. We conclude that offenders convicted of fourth offense DWI may not be sentenced to probation and must serve the mandatory minimum term of imprisonment.
In 1986, the Nebraska Legislature enacted LB 153, amending Neb. Rev. Stat. § 29-2260(2) as follows:
 Whenever a court considers sentence for an offender of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment. . . .
LB 153 concerned DWI offenses. The bill amended Neb. Rev. Stat. § 28-106 to establish a mandatory minimum term of imprisonment for those convicted of first offense DWI. So, it is clear that the language which LB 153 added to § 29-2260 (that courts may not withhold a sentence of imprisonment when a mandatory minimum term is required) was intended by the Legislature to apply to convictions of Class W misdemeanors under § 28-106. Similar language was enacted by the Legislature in 1990, providing that a court may not withhold a sentence of imprisonment when a mandatory minimum term is required and sentence the offender to "intensive supervision probation." Neb. Rev. Stat. § 29-2262.03 (1995).
The Legislature enacted mandatory minimum terms for second, third and fourth offense DWI in 1992 through LB 291, again amending § 28-106.
It is recognized that Neb. Rev. Stat. § 28-105(4) (1995) provides: "A person convicted of a felony for which a mandatory minimum sentence is prescribed shall not be eligible for probation." Section 28-106 does not contain an identical provision relating to sentences for misdemeanors. However, the language in § 28-105 was added by the Legislature in 1995 through LB 371 which created mandatory minimum terms for certainfelonies. We cannot conclude that by enacting LB 371 the Legislature in any way intended to negate the language of §29-2260(2).
It is also recognized that Neb. Rev. Stat. § 60-6,196
(1993) contains language to the effect that a court has an option to sentence an offender convicted of DWI to probation. This language was enacted in 1982 through LB 568 and was left unchanged by LB 153 in 1986 and by LB 291 in 1992.
In an effort to read § 60-6,196 in harmony with §§28-106, 29-2260 and 29-2262.03, we refer to Nebraska's probation statutes. When a sentence of probation is imposed, the court may as a condition of the sentence require the offender to be confined in the county jail "not to exceed (i) for misdemeanors, the lesser of ninety days or the maximum jail term provided by law for the offense and (ii) for felonies, one hundred eighty days". See Neb. Rev. Stat. § 29-2262 (1995). So, it may be inferred that a court sentencing an offender to probation for first, second, or third offense DWI under § 60-6,196 must also impose confinement in county jail for the statutory mandatory minimum term. The legislative history of LB 291 (1992) reveals that the legislators did not share a common understanding of the application of §§ 28-106 and 60-6,196 as they relate to first, second, and third offense DWI.
Section 60-6,196 does not specifically address fourth offense DWI convictions, which carry mandatory minimum terms of one year imprisonment under § 28-106 — greater than the 90 days' term of incarceration permitted as a condition of probation for misdemeanors under § 29-2262. To the extent that §60-6,196 appears to conflict with §§ 28-106, 29-2260 and29-2262.03, we conclude that the latter sections are controlling. First, they reflect the more recent expression of the will of the Legislature. In construing a statute, one must look to the statute's purpose and give it a reasonable construction which best achieves its purpose rather than a construction which would defeat it. Omaha Public Power Dist. v. Nebraska Dept. ofRevenue, 248 Neb. 518, 530 (1995). The purpose of LB 153 in 1986 and LB 291 in 1992, was to impose mandatory minimum terms of incarceration for DWI offenses. Second, with respect to fourth offense DWI, the language of § 28-106 is more specific than that in § 60-6,196. When there is a conflict between two statutes on the same subject, the specific statute controls over the general statute. State v. Schultz, 252 Neb. 746, 748
(1997); Village of Winside v. Jackson, 250 Neb. 851, 858 (1996). Because § 28-106 specifically provides the penalty for a fourth or subsequent DWI conviction, and § 60-6,196 refers only to offenders convicted of DWI who have had "two or more convictions", we find § 28-106 to be the more specific statute.
In summary, we conclude that an offender convicted of a fourth or subsequent offense DWI may not be sentenced to probation and must serve the mandatory minimum term provided by § 28-106.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED BY:
Don Stenberg
Attorney General