STATE OF NEBRASKA, APPELLEE,
v. KATHERINE E. JAMES, APPELLANT.
573 N.W. 2d 816

Filed January 27, 1998. No. A-97-499.

G. Anne Evans for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HANNON, IRWIN, and INBODY, Judges.

IRWIN, Judge.
## I. INTRODUCTION
Katherine E. James brings this appeal from the district court's denial of her motion to withdraw a no contest plea and subsequent sentencing. On appeal, James challenges the voluntariness of her plea because the trial court failed to inform her at the time of the plea that restitution was statutorily authorized

for the crime of arson, pursuant to Neb. Rev. Stat. § 29-2280 (Reissue 1995). Additionally, James challenges the court's refusal to allow her to withdraw her plea because she was allegedly on medication at the time her plea was entered. Finally, James asserts that the sentence entered by the trial court was excessive. For the reasons stated herein, we affirm.

## II. BACKGROUND

On October 6, 1995, James was charged by information with two counts of arson in the first degree and one count of arson in the second degree. The information alleged that on or about September 24, 1995, James intentionally started, or caused to have started, a fire, which damaged three homes in Omaha, Douglas County, Nebraska, under circumstances rendering the presence of persons in the homes a reasonable probability.

On November 19, 1996, James was arraigned on the three charges. The court advised James of the nature of the charges being brought against her, the constitutional rights to which she was entitled, and the potential fine and periods of incarceration which could be imposed upon a finding of guilt; James entered pleas of no contest to all three charges. The county attorney presented a factual basis for the plea, and the court entered findings of guilt on all three charges, pursuant to the no contest pleas.

On March 31, 1997, James was present in court for her sentencing hearing. After the hearing began, but prior to the court's actually imposing sentence, James sought to withdraw her pleas. James alleged that she had not been informed of the possibility of restitution at the time of her pleas. After granting a 1-week continuance, the court heard argument on James' motion to withdraw her pleas. Although the motion was not requested as part of the transcript in this case, it appears from the court's dialog that, inter alia, James sought to withdraw her pleas because she was not advised that restitution was a potential penalty and because she was allegedly on medication at the time her pleas were entered. After argument, the court overruled the motion to withdraw the pleas.

The court proceeded to sentence James to a period of 4 to 8 years' incarceration on the first count of arson in the first degree, a period of 4 to 8 years' incarceration on the second

count of arson in the first degree, and a period of 2 to 4 years' incarceration on the count of arson in the second degree, the sentences to be served consecutively. The court ordered that James be confined at the Nebraska Center for Women in York, Nebraska. The court did not order any form of restitution for the damage to the three homes destroyed by the fire.

## III. ASSIGNMENTS OF ERROR

On appeal, James has assigned four errors, which we have consolidated for discussion to three. First, James asserts that the trial court erred in denying her motion to withdraw pleas because her pleas "were not entered voluntarily, knowingly, and intelligently." Second, James asserts that the trial judge erred "in assuming the role of a witness at the plea withdrawal hearing when the judge relied on his own observations of the Defendant." Finally, James asserts that the sentences imposed by the district court were excessive, constituting an abuse of discretion.

## IV. ANALYSIS

### 1. WITHDRAWAL OF PLEAS

#### (a) Plea Requirements

The Nebraska Supreme Court has established the necessary criteria for determining whether a defendant's plea of guilty or no contest is entered freely, intelligently, voluntarily, and understandingly. See *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). In *Irish*, the Supreme Court delineated the following requirements which must be met before a trial court can find that a guilty or no contest plea has been entered freely, intelligently, voluntarily, and understandingly:

1. The court must

a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against self-incrimination; and

b. examine the defendant to determine that he or she understands the foregoing.

2. Additionally, the record must establish that

a. there is a factual basis for the plea; and

b. the defendant knew the range of penalties for the crime with which he or she is charged.

We conclude that the taking of the foregoing steps is sufficient to assure that a plea represents a voluntary and intelligent choice among the alternative courses of action open to a criminal defendant, the ultimate standard by which pleas of guilty or nolo contendere are to be tested. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971).

223 Neb. at 820, 394 N.W.2d at 883.

Our review of the record made at James' arraignment indicates that the court properly informed James concerning all of her rights and examined her to determine that she understood them. The court further informed James that the burden of proof would remain at all times on the State, that she was presumed innocent, and that the State would have to convince a jury to unanimously find her guilty beyond a reasonable doubt. Additionally, the record establishes that a factual basis for the pleas was established. Finally, the court informed James regarding the potential fine and periods of incarceration which could be imposed upon a finding of guilt as to the charges, as well as the fact that any periods of incarceration for the several counts could be ordered served consecutively or concurrently.

James asserts that her plea, despite the above compliances with *State v. Irish, supra*, was not made freely, intelligently, voluntarily, and understandingly, because the court did not inform her that restitution was within the range of penalties which could be imposed, and she asserts that the court erred in overruling her motion to withdraw the pleas. Additionally, James asserts that the trial court should have granted her motion to withdraw her pleas because she was under the influence of medications at the time her pleas were entered.

The Supreme Court has held that prior to sentencing, a court should allow the defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution would not be substantially prejudiced by its reliance upon the plea. *State v. Spahnle*, 238 Neb. 265, 469 N.W.2d 780 (1991). The

burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawing a plea. *Id.* However, the withdrawal of a plea is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. See, *State v. Dodson,* 250 Neb. 584, 550 N.W.2d 347 (1996); *State v. Spahnle, supra.* In the context of the present case, then, we are faced with determining whether the trial court abused its discretion in overruling James' motion for withdrawal of her pleas, either because she was not advised of the possibility of restitution or because the record establishes that she was under the influence of medications when her pleas were entered.

### (b) Restitution

As noted above, because of the nature of the offenses in this case, restitution could have been ordered. See § 29-2280. In *State v. Duran,* 224 Neb. 774, 401 N.W.2d 482 (1987), the Supreme Court held that restitution under § 29-2280 is a criminal penalty imposed as punishment for the crime. See, also, *State v. War Bonnett,* 229 Neb. 681, 428 N.W.2d 508 (1988). James asserts that because she was not advised of this potential criminal penalty, her plea was "deficient as a matter of law." Brief for appellant at 8.

James relies upon the Supreme Court's holding in *State v. War Bonnett, supra,* in support of her argument. In *War Bonnett,* the Supreme Court was presented with a defendant who pled guilty to theft. When the defendant's plea was entered, the trial court did not advise him that restitution was a possible penalty for pleading guilty to theft. Nonetheless, the trial court ordered the defendant to pay restitution. On appeal, the Supreme Court found the plea to be deficient because the defendant had not been advised of the possibility of restitution. The Supreme Court held that "as required by *State v. Fischer,* 218 Neb. 678, 357 N.W.2d 477 (1984); *State v. Hall,* 222 Neb. 51, 381 N.W.2d 926 (1986); and *State v. Curnyn*[, 202 Neb. 135, 274 N.W.2d 157 (1979)], we remand the cause to the district court for further proceedings as mandated by those cases." 229 Neb. at 682, 428 N.W.2d at 509-10.

A review of the cases cited by the Supreme Court in *War Bonnett,* i.e., *State v. Hall, supra; State v. Fischer, supra;* and

*State v. Curnyn, supra*, reveals that none of them presented a situation where the defendant was not advised of the possibility of restitution. The cited cases presented situations where the trial court did not properly advise the defendant about the range of penalties for the offense committed, i.e., the potential for incarceration or fines. Notably, in *Curnyn* and *Fischer*, the Supreme Court appeared to place some emphasis on the fact that the respective records in those cases indicated that the defendant had some independent knowledge of the potential range of penalties, despite the trial court's inadequate advisement. As such, the Supreme Court reversed the sentences and remanded those cases to the trial court for a further determination of whether the defendant was sufficiently aware of the potential range of penalties from independent sources. In *Hall*, however (as well as in *War Bonnett*), the Supreme Court did not make mention of whether the record indicated that the defendant had any independent knowledge of the potential range of penalties (or, in *War Bonnett*, of the potential of restitution). Nonetheless, in both *Hall* and *War Bonnett*, the Supreme Court reversed the sentencing judgment and remanded the case.

In *State v. Mentzer*, 233 Neb. 843, 448 N.W.2d 409 (1989), the Supreme Court was presented with another defendant who was not advised of the potential of restitution, but who was ordered, as part of his sentence, to make restitution. The court stated that "we have held that the failure to inform a defendant of the possibility of restitution renders the entry of a plea of guilty involuntary and unintelligent in that regard and consequently prevents the imposition of an order of restitution." *Id.* at 845, 448 N.W.2d at 410. The court cited *State v. War Bonnett, supra*, for that proposition. However, the court concluded that the record provided some evidence that the defendant was aware, from independent sources, of the potential for restitution and refused to disturb that portion of his sentence.

The Supreme Court was presented with the issue again in *State v. Sanders*, 241 Neb. 687, 490 N.W.2d 211 (1992), wherein a defendant was sentenced to probation and, as part of his probation order, was required to make restitution for burglary. The record indicated that the defendant had not been informed that restitution was a potential consequence of his

guilty plea. The court again held that the plea was rendered involuntary and unintelligent with respect to restitution and that the imposition of restitution was prevented, and again cited *State v. War Bonnett*, 229 Neb. 681, 428 N.W.2d 508 (1988), for that proposition. The *Sanders* court held that the plea, as a whole, was not rendered involuntary.

Although we recognize that unpublished decisions of this court do not carry precedential weight, we feel compelled to note that we have dealt with the issue now presented to us in at least two unpublished decisions. In *State v. Estrada*, 94 NCA No. 27, case No. A-93-1013 (not designated for permanent publication), we found plain error where a trial court ordered restitution without advising the defendant at arraignment that restitution was a potential penalty. Following the reasoning of *State v. Mentzer, supra*, and *State v. Sanders, supra*, we ordered the portion of the defendant's sentence which ordered restitution stricken. We did not, however, rule that his plea was entirely void as being involuntary. A petition for further review of *State v. Estrada* was overruled by the Supreme Court on August 24, 1994.

The case most similar to the present case, however, is another unpublished decision of this court, *State v. Reha*, 94 NCA No. 8, case No. A-93-166 (not designated for permanent publication). In *Reha*, a defendant was not ordered to pay restitution, but argued on appeal that his plea was involuntary because he had never been advised that restitution was a potential penalty for his guilty plea. Relying on the Supreme Court's rationale set out above, we held that the defendant's argument was meritless where no restitution was ordered.

 In the present case, James was never ordered to pay restitution. Despite the variance between the Supreme Court's disposition of *War Bonnett*, requiring a reversal of the sentence and a remand, and of *Mentzer* and *Sanders*, both holding that the sentence may be invalid only as to the restitution order, but not involuntary as a whole, we feel compelled to follow the Supreme Court's more recent holdings of *Mentzer* and *Sanders* and the underlying rationale therein. As such, in the present case, we hold that the trial court's failure to apprise James at arraignment that restitution was a potential penalty, where the record does not

indicate that James had any independent knowledge of that potential penalty, would render her pleas of no contest involuntary and unintelligent *in that regard* and would, consequently, prevent the imposition of an order of restitution. See, *State v. Sanders, supra*; *State v. Mentzer, supra*. However, because James was not ordered to pay any restitution, her pleas are not impacted by the failure of the trial court to advise her concerning restitution. As such, the trial court did not abuse its discretion in denying her motion to withdraw her pleas on this basis.

### (c) Medication

James also asserts that the trial court should have granted her motion to withdraw her pleas because she was under the influence of two medications, Prozac and Xanax, at the time her pleas were entered. Our review of the record fails to contain clear and convincing evidence that James was under the influence of these medications or that they in any way impacted her state of mind when her pleas were entered.

We initially note that a trial court is not specifically required by *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), to inquire as to whether the defendant is under the influence of any medications or alcohol when a plea is entered. The court is, however, required to examine the defendant and determine that he or she understands the rights which are waived by entry of a guilty or no contest plea. See *id*. Additionally, the Supreme Court held in *State v. Livingston*, 244 Neb. 757, 509 N.W.2d 205 (1993), that a defendant may be entitled to an evidentiary hearing on a motion for postconviction relief concerning whether the defendant was under the influence of any medications or otherwise impaired by drugs or alcohol when a plea was entered. As such, it is apparent that the Supreme Court has recognized that medications, drugs, or alcohol can, in some circumstances, have an impact on the defendant's state of mind such that the voluntariness of his or her plea may be affected and that inquiry regarding such at the time of the taking of a plea is prudent. See *id*.

As we noted above, the actual motion for withdrawal of pleas was not requested as part of the transcript in this appeal, nor does it appear elsewhere in the record. As such, it is difficult for us to ascertain exactly what James alleged with regard to medi-

cations. It is apparent, however, from the dialog of the trial court, that she alleged the court failed to ascertain whether she was "under the influence of any alcohol or drugs at the time of her plea" or whether she "had ever been or was currently being treated for mental illness." The court concluded that nothing in the record indicated that James was not in control of her senses when the pleas were entered and overruled the motion on this basis.

After reviewing the record, we cannot say that the trial court abused its discretion in concluding that James failed to establish that her pleas were involuntary because of the influence of medications. Although the presentence investigation report does include some information from Dr. Glenda Cottam, which indicates that James had been treated for some emotional difficulty and had been prescribed some medication, there is absolutely nothing in the record which indicates that James was, in fact, under the influence of any medications when she appeared before the court and entered her pleas. Similarly, there is absolutely nothing in the record which indicates that the medications in any way impacted her ability to rationally consider her alternatives and enter an intelligent plea. Because James failed to provide clear and convincing evidence to support this basis for withdrawing her plea, we cannot say that the trial court abused its discretion in denying the motion. This assigned error is without merit.

## 2. JUDGE AS WITNESS

James assigns that the trial judge erred by assuming the role of witness at the plea-withdrawal hearing and relying on his observations of her, presumably during arraignment. James failed to argue this assigned error in her brief, however, and we will not further discuss it. See *State v. Merrill*, 252 Neb. 736, 566 N.W.2d 742 (1997) (absent plain error, errors assigned but not argued in appellant's brief will not be addressed on appeal). See, also, Neb. Ct. R. of Prac. 9D(1)(d) (rev. 1996).

## 3. EXCESSIVE SENTENCES

Finally, James asserts that the sentences imposed by the trial court were excessive and constituted an abuse of discretion. James was found guilty, upon no contest pleas, of two counts of

arson in the first degree and one count of arson in the second degree. First degree arson is statutorily defined as a Class II felony, see Neb. Rev. Stat. § 28-502 (Reissue 1995), and carries a potential penalty of 1 to 50 years' imprisonment, see Neb. Rev. Stat. § 28-105 (Reissue 1995). Second degree arson is statutorily defined as a Class III felony, see Neb. Rev. Stat. § 28-503 (Reissue 1995), and carries a potential penalty of 1 to 20 years' imprisonment, a $25,000 fine, or both, see § 28-105. As a result, James faced a potential sentence, if the sentences on each count were ordered to be served consecutively, of 1 to 120 years' imprisonment and a $25,000 fine. Instead, the trial court sentenced her to consecutive sentences which, in sum, result in a total sentence of 10 to 20 years' imprisonment.

A sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Schultz*, 252 Neb. 746, 566 N.W.2d 739 (1997). The sentences in the present case are obviously well within the statutory limits, and we do not see any abuse of discretion. As noted by the trial court, the fire which resulted in the three charges and the no contest pleas occurred during the early morning hours, when there were more than a half-dozen persons present in the homes which were destroyed by the fire, and "it is an extraordinary event that no one was seriously injured, that no one lost their life because of the tremendous fire that ensued in this case." This assigned error is without merit.

## V. CONCLUSION

Finding that James' pleas were freely, intelligently, voluntarily, and understandingly entered and that the sentences imposed were not excessive, we affirm the judgment of the trial court.

AFFIRMED.