STATE OF NEBRASKA, APPELLEE, v. CHRISTINE LEWIS, APPELLANT.

222 N. W. 2d 815

Filed October 31, 1974. No. 39318.

Frank B. Morrison, Sr., and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal from a sentence on a charge of uttering a forged instrument. Defendant was arraigned and entered a plea of not guilty. Later counsel was appointed for her and she thereafter asked leave to withdraw the plea of not guilty. Leave was granted and she then, after rearraignment, entered a plea of

nolo contendere, which plea was accepted by the court and a finding of guilty made. After a presentence investigation, sentence was imposed.

Defendant makes the following assignment of error: "The District Court committed reversible error in failing to make the constitutionally-required arraignment record sufficient to show that the defendant pled no contest voluntarily, understandingly, intelligently, and with full knowledge of the rights she was waiving by so pleading." She also raises the question of excessiveness of sentence.

An examination of the arraignment proceedings discloses that only one aspect of the defendant's contentions requires discussion. Although the judge addressed the defendant personally in the presence of her counsel, made a rather comprehensive explanation of her rights and the effect of the entry of a plea of nolo contendere, and received from her the necessary waivers, he did not, previous to the acceptance of the plea, specifically advise her of the possible penalties which might be imposed.

At the arraignment proceedings her counsel, in response to a question by the court, advised the court that he had "explained to her that No Contest plea is exactly the same thing as a guilty plea except for the civil liabilities," and that the plea was being entered upon his recommendation. The court then continued: "THE COURT: That's what I want to explain to you, Mrs. Lewis. If the Court accepts a plea of No Contest, or Nolo Contendere as we call it in the law, is the same as a plea of guilty for all the purposes of this action. In other words, the Court may impose the same sanctions upon you as the Court could upon a finding of guilty, a verdict of guilty, or upon your plea of guilty; do you understand that? THE DEFENDANT: Yes."

The record shows that the court for the first time

advised the defendant of the penalties immediately before sentence was imposed, some 6 weeks after acceptance of the plea. No suggestion was made to her at that time that she might withdraw her plea.

We note that the quoted portion of the arraignment proceedings is ambiguous insofar as her affirmative answer to the question by the court might indicate prior knowledge of the penalties. It could possibly mean only that she knew that she could be punished the same as upon a plea of guilty. Or it could be interpreted to mean that she was also aware of the specific sanctions which attached.

In State v. Turner, 186 Neb. 424, 183 N. W. 2d 763, we said that the standard for determining the validity of a plea of guilty is whether or not it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. We there indicated that one of the items required for a substantial compliance with the American Bar Association standards on pleas of guilty as approved by us in that case was that the defendant be informed of the penalties for the offense. We there said: "There was substantial compliance with the American Bar Association standards herein. The trial court specifically asked the defendant if he understood he was waiving his right to a jury trial; if he was aware of the penalty of the offense; whether any promises had been made to him; and whether he had discussed all his rights with his counsel." Section 1.4 of the standards recommends that among other items concerning which the court should advise the defendant are the following: "(i) of the maximum possible sentence on the charge, including that possible from consecutive sentences; (ii) of the mandatory minimum sentence, if any, on the charge; . . . ." American Bar Association Standards Relating to Pleas of Guilty, § 1.4(c). The commentary to the standards says: "In the absence of a statute or rule, most

appellate courts have taken the position that the judge's obligation extends even to those cases in which the defendant has counsel. Annot., 97 A. L. R. 2d 549, 556 (1964). The recent revision of Federal Rule 11 makes it clear that the court is to determine in all cases that the defendant understands the consequences. This view is taken in the above standard, as the judicial warning effectively serves to overcome subsequent objections by the defendant that his counsel gave him erroneous information." American Bar Association Standards Relating to Pleas of Guilty, Standards with Commentary, Section 1.4(c) generally. Substantial compliance with the standards was not met in this case because of the failure of the court to advise the defendant of the penalties before accepting her plea.

The practice of advising a defendant who is about to enter a plea to a felony of the possible penalties on conviction, although not made mandatory by any statute in this state, is one of long standing in this jurisdiction and antedates the adoption of the standards in State v. Turner, *supra*. No doubt the failure in this case is the result of oversight and failure to use a check list. In Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, upon which the defendant relies, the Supreme Court of the United States vacated the judgment of conviction and ordered that the defendant be permitted to plead again. We do not interpret that case as holding that under a record such as we have in this case any such procedure is constitutionally required. The constitutional requirement is that the plea be voluntary and intelligent and the determination of that fact be reliably determined. As we read Boykin it does not lay down any constitutional mandate as to the procedure that must be followed in making a determination of whether a plea was in fact voluntary and intelligent.

In the case of North Carolina v. Alford, 400 U. S. 25,

91 S. Ct. 160, 27 L. Ed. 2d 162, footnote 3 at page 29 is as follows: "At the state court hearing on post-conviction relief, the testimony confirmed that Alford had been fully informed by his attorney as to his rights on a plea of not guilty and as to the consequences of a plea of guilty. Since the record in this case affirmatively indicates that Alford was aware of the consequences of his plea of guilty and of the rights waived by the plea, no issues of substance (are raised) under Boykin v. Alabama (citation ommitted)." See, also, Halliday v. United States, 394 U. S. 831, 89 S. Ct. 1498, 23 L. Ed. 2d 16.

The record here supports at least by implication a conclusion that the defendant in fact knew the consequences of her plea. This implication arises from the fact that she was represented by counsel throughout and had adequate consultation with him, that when she was advised of the penalties just before sentencing she expressed no surprise, and when asked if she had any reason to give why sentence should not be imposed, she gave no relevant response. Further, at that time her counsel did, in her presence, say that no legal reason existed why sentence should not be imposed.

The standards recommend that a defendant be allowed to withdraw his plea of guilty or nolo contendere upon timely motion if he proves that withdrawal is necessary to correct a manifest injustice. American Bar Association Standards Relating to Pleas of Guilty, § 2.1. The standards provide that one of the items which may constitute manifest injustice is a failure to be advised of penal consequences of a plea. In the absence of proof by the defendant of such manifest injustice, the defendant should not be permitted to withdraw her plea.

Although the defendant did not at any time make application to the trial court for leave to withdraw her plea, in order that the fact of whether or not the de-

fendant was aware of the possible penalties at the time she entered her plea may be reliably determined, we decide that, without vacating the judgment of conviction or the sentence, the cause shall be remanded with leave to the defendant to apply to the trial court to withdraw her plea. If she does so apply, the trial court shall hold an evidentiary hearing to determine the fact of the defendant's knowledge or the absence of such knowledge. If the court finds that she was not aware of the penal consequences of the plea, the judgment of conviction shall be deemed vacated and she shall be permitted to plead again. If it determines that she did know, then the judgment and sentence shall stand. If she makes no application to withdraw her plea within 10 days of the filing of this opinion, then the sentence shall be carried into execution.

The sentence imposed was 2 to 6 years and a fine of $1. The statutory penalty is 1 to 20 years. In the light of the previous record of the defendant and the circumstances shown by the record which led to the crime of which she was convicted, we cannot say that the court abused its discretion in imposing the sentence it did.

REMANDED WITH DIRECTIONS.