STATE OF NEBRASKA, APPELLEE, v. MICHAEL SHROPSHIRE, APPELLANT.

227 N. W. 2d 834

Filed April 10, 1975. No. 39642.

Frank B. Morrison, Sr., and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an appeal from a conviction based upon a plea of guilty for the crime of burglary of an Omaha, Nebraska, home on February 18, 1974. The defendant's sole assignment of error is that the District Court committed reversible error in failing to make the required

arraignment record sufficient to show that the defendant pled guilty voluntarily, understandingly, intelligently, and with full knowledge of the rights he was waiving by so pleading.

The decision in this case is controlled by our opinion and holding in State v. Lewis, 192 Neb. 518, 222 N. W. 2d 815, filed October 31, 1974. As in Lewis, in the present case the only material element which the judge left out in advising the defendant was the possible penalty for the crime; and the inadvertent omission of the word "jury" before the word "trial" in advising the defendant of his right to a jury trial. In State v. Lewis, *supra,* this court stated and held as follows: "Although the defendant did not at any time make application to the trial court for leave to withdraw her plea, in order that the fact of whether or not the defendant was aware of the possible penalties at the time she entered her plea may be reliably determined, we decide that, without vacating the judgment of conviction or the sentence, the cause shall be remanded with leave to the defendant to apply to the trial court to withdraw her plea. If she does so apply, the trial court shall hold an evidentiary hearing to determine the fact of the defendant's knowledge or the absence of such knowledge. If the court finds that she was not aware of the penal consequences of the plea, the judgment of conviction shall be deemed vacated and she shall be permitted to plead again. If it determines that she did know, then the judgment and sentence shall stand. If she makes no application to withdraw her plea within 10 days of the filing of this opinion, then the sentence shall be carried into execution."

The cause is remanded to the District Court for Douglas County, Nebraska, with instructions to conduct further proceedings pursuant to the holding and decision in State v. Lewis, *supra.*

REMANDED WITH DIRECTIONS.