STATE OF NEBRASKA, APPELLEE, V. REX R. STASTNY, JR.,
APPELLANT.

395 N.W.2d 492

Filed October 24, 1986.   No. 85-665.

Edward W. Hasenjager, for appellant.

Robert M. Spire, Attorney General, and William L. Howland, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

This is an appeal from an order of the district court for Douglas County, Nebraska, which affirmed the judgment and sentence of the municipal court of the city of Omaha for the offense of driving while intoxicated, second offense (Neb. Rev. Stat. § 39-669.07 (Reissue 1984)). We remand the matter for a hearing to determine whether the appellant had knowledge of the minimum sentence possible on conviction when he entered his plea of guilty to the charge.

The two assignments of error are directed to whether the motion of the appellant for leave to withdraw his plea should have been granted by the municipal court.

Initially, we observe that a violation of § 39-669.07 is a Class W misdemeanor (Neb. Rev. Stat. § 28-106 (Reissue 1985)). The

penalty for conviction of a second offense DWI is "mandatory thirty days imprisonment and five hundred dollars fine." There is no dispute that the appellant was advised that the penalty on conviction was 30 days in jail and a $500 fine. However, § 39-669.07 also provides in pertinent part in subsection (2) of that section:

> If the court places such person on probation or suspends the sentence for any reason, the court shall, as one of the conditions of probation or sentence suspension, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of six months from the date of the order and such order of probation *shall include as one of its conditions confinement in the city or county jail for forty-eight hours* . . . .

(Emphasis supplied.) It is also not disputed that the court did not advise the appellant of the mandatory jail confinement if he were placed on probation.

After the appellant's plea of guilty was accepted, but before sentencing, the appellant moved to withdraw the plea, contending that he was not aware at the time he entered the plea that if he successfully obtained probation, he would nevertheless be required to serve a 48-hour term in jail. The court denied the motion and sentenced the appellant to a term of 30 days in jail and ordered him to pay a $500 fine. This appeal follows.

The rule that a defendant who pleads guilty must be advised of the possible penalties before the plea is accepted was articulated in *State v. Lewis,* 192 Neb. 518, 521, 222 N.W.2d 815, 818 (1974), although the court observed that the practice "is one of long standing in [Nebraska] and antedates . . . State v. Turner [186 Neb. 424, 183 N.W.2d 763 (1971)]." In *Lewis* the court formulated the procedure followed in *State v. Curnyn,* 202 Neb. 135, 274 N.W.2d 157 (1979), stating that

> in order that the fact of whether or not the defendant was aware of the possible penalties at the time she entered her plea may be reliably determined, we decide that, without vacating the judgment of conviction or the sentence, the cause shall be remanded . . . . If the court finds that she

was not aware of the penal consequences of the plea, the judgment of conviction shall be deemed vacated and she shall be permitted to plead again.

*Lewis, supra* at 522-23, 222 N.W.2d at 818.

In *State v. Irish, ante* p. 814, 820, 394 N.W.2d 879, 883 (1986), we stated that "in order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly . . . the record must establish that . . . the defendant knew the range of penalties for the crime with which he or she is charged."

We then pass to the essential issue, Is a statute's mandatory jail time provision in a probation order a possible "penalty"? We do note that no case in Nebraska has required a sentencing court to inform a defendant contemplating a guilty plea of the possible restrictions of freedom of movement in an order of probation. For that matter, no authority exists in this state that requires the defendant to be informed of the possibility of probation at all. We do not propose to make such a requirement now, except where, as here, the Legislature has seen fit to limit a trial judge's discretion and require incarceration as a term of probation. Mandatory confinement is a sentence, as well as confinement as a term of probation is penal. Jail time is jail time. Under no circumstances was appellant going to escape incarceration if found guilty, whether for 2 days or 30 days. He was entitled to be advised of that fact, and therefore we remand for the purpose of determining if in fact he had such knowledge at the time he entered the plea. In view of the uniqueness of the question, we confine the effect of the rule announced today to be prospective only.

REMANDED FOR FURTHER PROCEEDINGS.

GRANT, J., participating on briefs.