STATE OF NEBRASKA, APPELLEE, V. JOHN SPIEGEL, APPELLANT.

474 N.W.2d 873

Filed October 4, 1991.    No. 90-382.

John S. Mingus, of Mingus & Mingus, for appellant.

Robert M. Spire, Attorney General, and Barry Waid for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

John Spiegel appeals his conviction and sentence for obtaining, in 1988, a controlled substance by misrepresen-

tation, fraud, forgery, deception, or subterfuge.

We affirm Spiegel's conviction, but reduce the amount of time that Spiegel may be required to spend in jail as a term of probation imposed upon him by the district court for Hall County.

In this appeal, Spiegel mainly argues that (1) the information alleging that he obtained a controlled substance in violation of Neb. Rev. Stat. § 28-418(1)(c) (Reissue 1985) was insufficient to charge he committed a crime and (2) that his sentence of probation is beyond statutory limits.

Spiegel became addicted to Vicodin, a painkiller which had been legally prescribed for him following a series of surgeries. Spiegel admitted that on at least seven occasions in 1988, he presented photocopies of a prescription for Vicodin and obtained the drug from two different Hall County pharmacies. The photocopies themselves were not made by persons authorized to issue prescriptions. Spiegel was charged with two counts of obtaining a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge.

Spiegel filed a demurrer to the State's information, a plea in abatement, and a motion to quash the information, all of which were overruled. Spiegel then entered a plea of no contest to the second count of the two-count information. In exchange, the State dismissed the first count of the information. He was sentenced to 2 years' probation, with a requirement that he spend 180 days in jail, of which 90 days were to be spent in jail on weekends at the beginning of the probation term and the remaining 90 days at the end of the term. The court reserved the right to waive Spiegel's second 90-day confinement to jail.

Spiegel argues that the trial court erred in (1) overruling his demurrer, plea in abatement, and motion to quash (none of which are particularly distinguishable from each other); (2) failing to specifically inform Spiegel that he could be confined to jail as a term of probation; and (3) imposing confinement to jail as a term of probation. In all, Spiegel alleges six assignments of error, but he failed to argue the merits of three of the assigned errors. This court will not consider assignments of error which are not discussed in the brief. *State v. Bonczynski*, 227 Neb. 203, 416 N.W.2d 508 (1987).

Spiegel's plea of no contest has narrowed the issues which can properly be presented on appeal. A plea of no contest is equivalent to a plea of guilty. *State v. Johnson*, 234 Neb. 110, 449 N.W.2d 232 (1989). Such a plea waives every defense to the charge, whether the defense is procedural, statutory, or constitutional, except the defense that the information is insufficient to charge a crime. *Id*. Therefore, the issues remaining on appeal in Spiegel's case are (1) whether the information fails to charge a crime, (2) whether the court is required to inform a defendant that confinement in a jail is a possible condition of probation, and (3) whether confinement to jail as a term of probation is proper in Spiegel's case.

The critical question in the first issue is whether the count in the information to which Spiegel pled no contest is sufficient to charge a crime. Where an information alleges commission of a crime using the language of the statute defining that crime *or terms equivalent* to such statutory definition, a formal charge against an accused is sufficient. See *State v. Wehrle*, 223 Neb. 928, 395 N.W.2d 142 (1986). The function of an information is twofold. With reasonable certainty, an information must inform an accused concerning the crime charged so that the accused may prepare a defense to the prosecution and, if convicted, be able to plead the judgment of conviction on such charge as a bar to a later prosecution for the same offense. *Id*.

Spiegel was charged with violation of § 28-418(1)(c), which reads: "It shall be unlawful for any person knowingly or intentionally . . . (c) To acquire or obtain or to attempt to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge . . . ." The controlled substance that Spiegel was charged with illegally obtaining is found in Neb. Rev. Stat. § 28-405 [Schedule III] (Cum. Supp. 1988):

(c) Any material, compound, mixture, or preparation containing limited quantities of any of the following narcotic drugs . . . (4) Not more than three hundred milligrams of dihydrocodeinone per one hundred milliliters or not more than fifteen milligrams per dosage unit, with one or more active, nonnarcotic ingredients in recognized therapeutic amounts . . . .

The gravamen of the charged offense is the obtaining of "[n]ot more than three hundred milligrams of dihydro-codeinone per one hundred milliliters *or* not more than fifteen milligrams per dosage unit" (emphasis supplied) by misrepresentation, fraud, forgery, deception, or subterfuge.

The information charging Spiegel alleges that he,

on or about June 23, 1988, knowingly or intentionally acquired or obtained or attempted to acquire, or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge, to-wit: Vidocin [sic] containing not more than three hundred milligrams of dihydrocodeinone per one hundred milliliters or not more than fifteen milligrams per dosage unit, with one or more nonnarcotic ingredients in recognized therapeutic amounts . . . .

In the information, Vicodin is obviously misspelled as "Vidocin," although it was correctly spelled in the complaint originally filed against Spiegel in the Hall County Court which set forth the charge to which he entered a plea of no contest in the district court. After a preliminary hearing in county court, Spiegel was bound over to the district court for Hall County for trial. The misspelling of Vicodin appears to have first occurred with the filing of the information in that court. In his plea in abatement filed in the district court, Spiegel described the charge against him in the following language: " '*Vicodin* containing not more than three hundred milligrams of dihydrocodeinone per one hundred milliliters or not more than fifteen milligrams per dosage unit, with one or more active nonnarcotic ingredients in recognized therapeutic amounts.' " (Emphasis supplied.)

By containing the descriptive language from § 28-405, "containing . . . [n]ot more than three hundred milligrams of dihydrocodeinone per one hundred milliliters or not more·than fifteen milligrams per dosage unit," the information was sufficient to inform Spiegel of the controlled substance that he was charged with illegally obtaining. The specific use of the trade name "Vicodin" in the information is not only unnecessary to constitute a proper charge, but is mere surplusage. Neb. Rev. Stat. § 28-404 (Reissue 1989) provides

that "[a]ll drugs and substances . . . listed in section 28-405 are hereby declared to be controlled substances, whether listed by official name, generic, common or usual name, chemical name, brand, or trade name." The statute under which Spiegel was charged does not refer to the trade name "Vicodin."

When the totality of the circumstances as shown by the record in this case is considered, Spiegel was not only sufficiently informed with what he was being charged, but through his pleading acknowledged that he knew with what he was being charged. Anyone reviewing the information in this case can readily discern the charge for which Spiegel was convicted. That being true, there is no way in which Spiegel could be prejudiced in the future, nor has he shown that he has been prejudiced in this particular case. Spiegel's argument as to the first issue has no merit.

As to the second issue, Spiegel complains that the trial court failed to inform him at the time of his plea that one of the terms of probation could be some confinement in jail. There is no requirement in this state that the sentencing court must inform a defendant contemplating a guilty plea or a plea of no contest of the possibility of probation, as long as the court advises him of the existence, if any, of a mandatory minimum sentence as well as the full range of possible penalties. See *State v. Stastny*, 223 Neb. 903, 395 N.W.2d 492 (1986). In *State v. Stastny, supra*, the statute under which Stastny was charged mandated some jail confinement if he was given a sentence of probation. For a defendant charged as was Spiegel, the statutes do not prescribe a minimum jail confinement whether a straight sentence is imposed or whether the defendant is sentenced to probation. The record shows that at the time of the initial arraignment and again before Spiegel entered his no contest plea, the trial court explained to Spiegel that the offense with which he was charged was a Class IV felony, carrying a possible penalty of up to 5 years' imprisonment, a fine of up to $10,000, or both. There is no mandatory minimum sentence for the offense with which Spiegel was charged. The possible range of penalties was adequately explained to Spiegel before he entered his no contest plea. In *State v. Stastny, supra* at 905, 395 N.W.2d at 494, we observed that

> no case in Nebraska has required a sentencing court to inform a defendant contemplating a guilty plea of the possible restrictions of freedom of movement in an order of probation. For that matter, no authority exists in this state that requires the defendant to be informed of the possibility of probation at all.

That observation is still valid today. Spiegel's contention regarding the second issue has no merit.

As to the third issue, Spiegel argues that jail confinement as a term of probation is contrary to law. As a general statement, that is incorrect. Neb. Rev. Stat. § 29-2262(2)(b) (Cum. Supp. 1988), which was in effect when Spiegel committed the act of which he was convicted, permitted a sentencing court in its discretion to require an offender who was sentenced to probation "[t]o be confined periodically in the county jail or to return to custody after specified hours, but not to exceed ninety days . . . ."

In 1989, the Legislature amended § 29-2262 to provide that jail confinement as a term of probation in a felony case could be as long as 180 days. Obviously, the trial court confined Spiegel to jail as a term of his probation under the 1989 version of § 29-2262. This was error. The application of the 1989 amendment to § 29-2262 to crimes that occurred before the date of the amendment violated the ex post facto clause of Neb. Const. art. I, § 16. See, *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986); *State v. McCoy*, 87 Neb. 385, 127 N.W. 137 (1910).

Under Neb. Rev. Stat. § 29-2308 (Reissue 1989), the Supreme Court may reduce a sentence rendered by a district court against an accused when, in the opinion of this court, the sentence is excessive. Under the terms of § 29-2308, we amend the term of Spiegel's probation relating to jail confinement to provide that he shall be confined in the Hall County jail for 90 days starting when the mandate from this court is received by the clerk of the trial court. Said confinement is to be served on weekends, from Friday at 6 p.m. to Sunday at 6 p.m. The term of probation providing that Spiegel should be confined in the Hall County jail for 90 days at the end of his probation unless waived by the trial court upon recommendation of the

probation officer is vacated. There was no abuse of discretion by the trial court in fixing the other terms of Spiegel's probation, and those terms are affirmed. Any lesser terms of probation would depreciate the seriousness of the offense Spiegel committed and would promote disrespect for the law.

AFFIRMED AS MODIFIED.

WHITE, J., participating on briefs.