IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MARTINEZ-FERNANDEZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MARCOS MARTINEZ-FERNANDEZ, APPELLANT.

Filed February 7, 2017.    No. A-16-611.

Appeal from the District Court for Hall County: MARK J. YOUNG, Judge. Affirmed.

Jonathan M. Hendricks, of Dowding, Dowding, Dowding & Urbom, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

MOORE, Chief Judge, and PIRTLE, Judge, and MCCORMACK, Retired Justice.

PIRTLE, Judge.

INTRODUCTION

Marcos Martinez-Fernandez appeals from his plea-based conviction for first degree forgery in the district court for Hall County. On appeal, he asserts that his sentence was excessive and that he received ineffective assistance of counsel. He also asserts the district court abused its discretion in accepting his plea in consideration of the factual basis provided by the State. For the reasons set forth herein, we affirm.

BACKGROUND

On September 29, 2015, Martinez-Fernandez was charged by information with Count I: first degree forgery in violation of Neb. Rev. Stat. § 28-602(1)(b)(Reissue 2008), a Class III felony, and Count II: aiding and abetting first degree forgery, a Class III felony. See Neb. Rev. Stat. § 28-206 (Reissue 2008), § 28-602.

- 1 -

On April 4, 2016, Martinez-Fernandez pled no contest to count I. Count II was dismissed pursuant to a plea agreement. Martinez-Fernandez also agreed to admit to probation violations in a separately docketed case, and the State recommended a concurrent sentence between the two cases. Martinez-Fernandez agreed to pay restitution of $651.05. Upon the district court's inquiry, Martinez-Fernandez affirmed that this was the plea agreement he had made, that he did not need more time to discuss the plea with his attorney, and that he was satisfied with his attorney's advice and representation of him in this case.

The district court read the charge found in the information as amended and Martinez-Fernandez pled no contest. The State provided the following factual basis:

[T]he State's evidence and testimony would show that on or about May 26th of 2015, officers with the Grand Island Police Department responded to a complaint regarding forged credit card use at a business in Hall County, Nebraska.

They made contact with the victim, Edgar Cuevas-Garcia. Mr. Cuevas-Garcia reported that someone had used his Wells Fargo visa debit card without his authorization; however, Mr. Cuevas-Garcia reported that he was still in physical possession of the credit card and it had never left his possession which indicated that his number had been cloned and embedded into the magnetic strip of another card, thereby altering a financial transaction device.

The forged card was used at a number of businesses in Hall County, Nebraska, including Menards and Smoker Friendly. The receipts were available from those transactions, and video surveillance was made available for those transactions. The video surveillance footage showed the Defendant and two other males conducting the transactions in question.

As it happened, the Defendant was on probation in Hall County at the time of the offenses. A search was conducted of the Defendant's person, vehicle, and apartment which revealed matching clothing to that worn by the suspect during the forgeries, and the Defendant is seen in the surveillance footage.

The Defendant identified himself as the individual in still photos from video surveillance footage. He admitted to having used a cloned card in the businesses mentioned.

The amount of all the transactions for the cloned credit card uttered or presented was $651.05.

All of the above did occur in Hall County, Nebraska.

The district court accepted Martinez-Fernandez' plea of no contest and he was sentenced to a term of four to six years' imprisonment. He was given credit for 19 days served.

ASSIGNMENTS OF ERROR

Martinez-Fernandez asserts the district court erred in accepting his plea and finding him guilty of the crime of forgery, as the State provided an inadequate factual basis. He asserts the district court abused its discretion in imposing a four to six year sentence, and he asserts that he received ineffective assistance of counsel.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Cullen*, 292 Neb. 30, 870 N.W.2d 784 (2015). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance? *Id.*

ANALYSIS

FACTUAL BASIS

Martinez-Fernandez asserts the district court abused its discretion when it accepted his no contest plea and convicted him for first degree forgery. He argues the factual basis given at the plea hearing did not meet the statutory requirements to establish his guilt.

A plea of no contest is equivalent to a plea of guilty. *State v. Wilkinson, supra.* Such a plea waives every defense to the charge, whether the defense is procedural, statutory, or constitutional, except the defense that the information is insufficient to charge a crime. *State v. Spiegel*, 239 Neb. 233, 474 N.W.2d 873 (1991). To support a plea of guilty or no contest, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime for which he or she is charged. *State v. Wilkinson, supra.* When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

As an initial matter, the State argues that Martinez-Fernandez failed to challenge the sufficiency of the factual basis and thus has waived any objection that he might have. A review of the record supports this. However, Martinez-Fernandez also alleges that his trial counsel was ineffective for failing to realize that he was charged "under a statute that did not apply to the facts of his case and for not objecting when the factual basis did not support the charge." Thus, we will address this issue on direct appeal.

Neb. Rev. Stat. § 28-602 states that:

(1) A person commits forgery in the first degree if, with intent to deceive or harm, he falsely makes, completes, endorses, alters, or utters a written instrument which is or purports to be, or which is calculated to become or represent if completed:

(a) Part of an issue of money, stamps, securities, or other valuable instruments issued by a government or government agency, or

(b) Part of an issue of stock, bonds, bank notes, or other instruments representing interests in or claims against a corporate or other organization or its property.

Martinez-Fernandez asserts his conduct, as described in the factual basis, certainly qualifies as uttering a written instrument, as defined by Neb. Rev. Stat. § 28-601 (Reissue 2008), but that the "factual basis is completely devoid of any evidence showing that the use of the fraudulent debit card" was calculated to represent any of the items described in § 28-602(1)(b). He argues that a debit card is a device which enables the transfer of funds directly from one person's bank account to another account, thus it does not represent an "interest in" or "claim against" a corporate or other organization or its property. He asserts there were other, more appropriate, statutes under which he could have been charged, and his counsel was ineffective for failing to object on this basis.

The federal government enacted the Electronic Funds Transfer Act as part of the comprehensive Consumer Credit Protection Act, codified as amended at 15 U.S.C. § 1601 et seq. The EFTA protects individual consumer rights by providing a basic framework establishing the rights, liabilities, and responsibilities of the participants in electronic fund and remittance transfer systems. 15 U.S.C. § 1693(b), see *Clemmer v. Key Bank Nat. Ass'n*, 539 F.3d 349 (6th Cir., 2008) Generally, a card holder is not liable for the full amount of a bank transfer if it is the result of the fraudulent use of a debit card, and if the fraudulent use is timely reported. The factual basis provided that a Wells Fargo Visa debit card was used in the fraudulent transactions, and it was promptly reported. Under the circumstances, it would be the corporate organizations that service the account and the card, (i.e. Wells Fargo, Visa, or both) that would suffer the loss when a cloned debit card is used in a fraudulent transaction. Thus the factual basis established that Martinez-Fernandez' use of a fraudulent card represented a "claim against" a corporate or other organization, not just the bank account of Cuevas-Garcia, a private individual.

Upon our review, we find the factual basis was sufficient, and the court did not err in accepting the no contest plea entered by Martinez-Fernandez.

Martinez-Fernandez asserts his counsel was ineffective for "failing to realize that [he] was charged under a statute that did not apply to the facts of his case and for not objecting when the factual basis did not support the charge." To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. McSwine*, 292 Neb. 565, 873 N.W.2d 405 (2016). Having determined that the factual basis was sufficient and did apply to the facts of this case, we find Martinez-Fernandez' counsel was not deficient for not objecting to the factual basis.

Martinez-Fernandez argues that his counsel was ineffective for failing to request a lesser charge, rather than allowing the State to proceed on a charge of first degree forgery, a Class III felony. He argues that a charge of theft by deception, under § 28-512 (Reissue 2008), or second degree forgery, under Neb. Rev. Stat. §28-603 (Cum. Supp. 2014), would have been more fitting under the circumstances. Either of these charges would have been a Class IV felony. In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute and what charge to file. *Mach v. County of Douglas*, 259 Neb. 787, 612 N.W.2d 237 (2000).

When reviewing claims of alleged ineffective assistance of counsel, an appellate court affords trial counsel due deference to formulate trial strategy and tactics. *State v. Parnell*, 294 Neb.

551, 883 N.W.2d 652 (2016). The record shows that in exchange for Martinez-Fernandez' plea of no contest in Count I, the State dismissed Count II, which charged an additional Class III felony and the State requested concurrent sentences between this case and another pending case against him. The factual basis was sufficient to support the charge of first degree forgery, and the record shows that Martinez-Fernandez received a benefit from the plea agreement. Martinez-Fernandez has not shown that the alleged deficient performance of his attorney actually prejudiced him, therefore, we find this assignment of error is without merit.

## EXCESSIVE SENTENCE

Martinez-Fernandez asserts the district court abused its discretion in imposing a sentence of four to six years' imprisonment.

An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion. *State v. Wilkinson*, *supra.* When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) the motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *Id.*

Martinez-Fernandez argues that the district court did not give sufficient weight to the mitigating factors. He argues that he is entitled to a reduced sentence because of his age, education, military service, and history of misdemeanor and non-violent offenses. He also sought consideration of his role as caregiver for his wife who suffers from leukemia, and their five-year-old child. Additionally, Martinez-Fernandez argues that the court failed to consider the recent legislative changes which affected the maximum penalty for a Class III felony. He acknowledges that he is not entitled to a benefit from this change in the sentencing guidelines, but asserts the trial court should have recognized the "absurdity and unfairness" inherent in his situation.

The court stated that it had considered the appropriate factors in determining the sentence imposed. The court noted that Martinez-Fernandez has six prior misdemeanor convictions and three prior driving during suspension convictions. The court noted that Martinez-Fernandez has a history of failing to follow the clear directives of the State and the court, including the failure to follow the clear directions of the court for the completion of his presentence investigation report. The court also considered the hardship that a term of incarceration would place upon Martinez-Fernandez' wife and child in determining the length of the sentence imposed. At the time the crime was committed the maximum penalty for a Class III Felony was a term of 20 years' imprisonment, a $25,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). The sentence imposed in this case was at the low end of that range. Upon our review of the record, we do not find an abuse of discretion.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Martinez-Fernandez asserts that he received ineffective assistance of trial counsel. In addition to his assertion that his counsel failed to challenge the factual basis, he argues that his trial counsel was ineffective in: (1) telling him that lack of knowledge that the card was fraudulent

was not a defense; (2) failing to depose the individual who allowed him to use the card to show that he had no prior knowledge that the card was fraudulent; and, (3) guaranteeing that he would receive a sentence of probation to prompt him to accept a plea.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, otherwise the issue will be procedurally barred. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). In the case of an argument presented for the purpose of avoiding a procedural bar to a future postconviction action, appellate counsel must present the claim with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Collins, supra.*

A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. Casares, supra*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

Martinez-Fernandez asserts his counsel erroneously informed him that his lack of knowledge that the debit card was fraudulent was a not defense to the charges against him. The failure of counsel to inform the defendant of a potential defense to the charges may form the basis for an ineffective assistance of counsel claim, depending upon the showing of prejudice. See *State v. Abdullah, supra*. However, the record does not contain evidence necessary to the determination of this claim, including the extent and content of any discussions between Martinez-Fernandez and trial counsel, or Martinez-Fernandez' knowledge from other sources of his potential defenses to the charged crimes.

Likewise, Martinez-Fernandez sufficiently argued his claim that trial counsel was ineffective for failing to depose the individual who allegedly allowed him to use the fraudulent debit card. This assertion involves discussions between Martinez-Fernandez and counsel regarding the evidence, and the record does not reveal whether this individual was contacted by trial counsel at Martinez-Fernandez' request. Therefore, these claims cannot be decided upon the trial record before us.

Martinez-Fernandez also claims that his trial counsel was ineffective for guaranteeing that he would receive a sentence of probation in order to push him to accept a plea offer. Prior to accepting Martinez-Fernandez' plea, the court asked, "Has anyone used any force or made any threats or promises other than the plea agreement to get you to change your plea?" Martinez-Fernandez said "No," and stated that he understood the possible penalties for his crime. It appears that the record directly refutes his assignment of error.

However, on appeal, Martinez-Fernandez argues that his counsel advised him to accept the plea agreement, stating "several times that there would be 'no jail' and guaranteeing that [he] would receive a sentence of probation." He argues that his counsel's performance was deficient because these statements were baseless and were not part of the agreement. He argues that, but for these statements, he would have opted to take the matter to trial. The discussions between

Martinez-Fernandez and his counsel are not a part of this record, thus, we find the record is insufficient to determine the merits of this assignment of error on direct appeal.

## CONCLUSION

We find the trial court did not err in accepting the factual basis for Martinez-Fernandez' plea and the court did not abuse its discretion in imposing a sentence within the statutory limits. We find his claim that trial counsel was ineffective for failing to challenge the factual basis was without merit, and the record is insufficient to address Martinez-Fernandez' remaining assignments of ineffective assistance of counsel on direct appeal.

AFFIRMED.