IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. BUTLER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

ROBERT E. BUTLER, APPELLANT.


Filed December 22, 2020.    No. A-19-1224.


Appeal from the District Court for Douglas County: MARLON A. POLK, Judge. Affirmed.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.


BISHOP, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

This is a postconviction appeal. In 2011, Robert E. Butler pled no contest to one count of first degree sexual assault of a child, a Class IB felony, and one count of attempted first degree sexual assault of a child, a Class II felony. Butler was sentenced to a period of imprisonment of 30 to 45 years on the sexual assault conviction and 10 to 20 years on the attempted sexual assault conviction. The sentences were ordered to be served consecutively. On direct appeal, we summarily affirmed Butler's sentence. See *State v. Butler*, 19 Neb. App. liii (No. A-11-694, Nov. 20, 2011).

Butler now appeals the decision of the district court for Douglas County which denied his motion for postconviction relief without an evidentiary hearing. In this appeal, Butler alleges that the district court erred in denying his motion without an evidentiary hearing because he contends that his trial counsel provided ineffective assistance by failing to depose one of the victims, failing to challenge one of the victim's statements with other statements made by that victim in a juvenile

- 1 -

proceeding, failing to investigate four people who lived in his garage who he alleged were the real perpetrators of the crime as to one victim, and failing to raise the issue of his competency to stand trial or to enter a plea. He also alleges that his appellate counsel was ineffective for failing to allege on direct appeal that the court misinformed him of the correct sentences for his crime. For the reasons that follow, we affirm the order of the district court denying Butler's motion for postconviction relief without an evidentiary hearing.

BACKGROUND

In 2010, the State filed an information charging Butler with four counts of first degree sexual assault of a child, each a Class IB felony. Pursuant to a plea agreement, the State amended the original information to include only one count of first degree sexual assault of a child and one count of attempted first degree sexual assault of a child, a Class II felony. The State dismissed the remaining charges alleged in the original information. In exchange for the State amending the charges, Butler agreed to plead no contest to the amended charges.

After the plea agreement was announced, the court conducted a plea colloquy which included the following exchange regarding Butler's competency to plead:

THE COURT: Have you ever been treated for any mental illness?

[BUTLER]: Yes, sir.

THE COURT: Are you currently under treatment?

[BUTLER]: Yes, sir.

THE COURT: Are you required to take medication?

[BUTLER]: Yes, sir.

THE COURT: Are you taking your medication as required?

[BUTLER]: Yes, sir.

THE COURT: Do you understand what we're doing today?

[BUTLER]: Yes, sir.

The court also explained to Butler that he would waive certain rights, which for the most part Butler indicated he understood. When the court explained to Butler that he would waive his ability to appeal certain trial rights, Butler did not understand and asked the court to rephrase the waiver of his right to appeal certain trial issues. After the court rephrased the waiver of his right to appeal, Butler indicated that he understood this waiver.

Following the explanation of the rights Butler was waiving by pleading to the charges in the amended information, the court explained the potential sentences for the crimes as charged:

THE COURT: All right. Do you understand that the penalties now, which would be on -- the first count could get you a mandatory of 15 years and a maximum of life. Count II could get you 50 years in jail. Do you understand that?

[BUTLER]: Yes, sir.

THE COURT: The court could order those to be served at the same time or one after the other. It's not mandatory one way or the other. Do you understand that?

[BUTLER]: Yes, sir.

THE COURT: Has anybody told you or led you to believe that by entering your pleas of no contest you would receive probation, be given a light sentence or in any way rewarded for pleading no contest?

[BUTLER]: No, sir.

THE COURT: Have there been any threats, inducements or promises of leniency made by anyone, especially by any law enforcement personnel to obtain your pleas of no contest?

[BUTLER]: No, sir.

THE COURT: Do you understand that the Court has the alternative of putting you on probation rather than jail? Do you understand that?

[BUTLER]: Yes, sir.

THE COURT: Do you understand that the Court could order restitution? Do you understand what restitution means?

[BUTLER]: So I do believe that's when you have to pay something back?

THE COURT: Right. You know, if there's some harm done to the children or whatever, that you might have to pay, whether it's medical, psychological or something, you know. Do you understand?

[BUTLER]: Yes, sir.

The court also explained the nature of the charges which Butler stated he understood. In response to the court's inquiries, Butler further stated that he had been given sufficient time to discuss the case and all the facts surrounding his arrest with counsel before the plea hearing, that he had discussed any defenses that he or his counsel felt that he might have to the charges, and that he was satisfied with his counsel and that she properly represented him throughout this case.

The State then provided a factual basis: In June 2010, the Department of Health and Human Services was asked to look into a report of sexual abuse involving Butler's son, C.B. As a result of that investigation, the Department discovered evidence that Butler had sexually abused both C.B. and Butler's daughter, S.B. At the time of the investigation, C.B. was 13 and S.B. was 10.

During the course of the investigation, C.B. disclosed that Butler had sexually abused him beginning when C.B. was 8 years old. C.B. explained that Butler "would put his penis in [C.B.'s] buttocks. C.B. stated that part of that would be going to [Butler's] room and then following the rules; that when [Butler] put his penis in [C.B.'s] buttocks, it was uncomfortable. [C.B.] also advised that on other occasions he would watch pornography with [Butler]." During these occasions, Butler would also penetrate C.B. digitally. S.B. was also interviewed and indicated that "she had been shown movies by [Butler] with people taking their clothing off." S.B. also reported that Butler would tickle the outside of her buttocks. Since being in therapy, S.B. provided several updates to her original statements, including reporting that Butler had taken her pants off and proceeded to put "the thing you go potty with in her bottom" and that it occurred several times. As part of the investigation, Butler was interviewed. With respect to C.B., Butler admitted to having anal sex with C.B. in 2007 or 2008. Butler also indicated that he remembered touching S.B.'s vagina two or three times but does not remember penetration.

The court found that Butler understood the nature of the charges against him; that he understood the possible penalties; and that his no contest pleas were entered freely, knowingly, and voluntarily. The court found Butler guilty of the charges of first degree sexual assault on a child and attempted first degree sexual assault on a child. Butler was subsequently sentenced to 30 to 45 years of imprisonment on the first count and a consecutive sentence of 10 to 20 years on the second count.

Butler, represented by the same counsel, pursued a direct appeal. The only issue alleged on appeal was that the sentences imposed by the district court were excessive and amounted to an abuse of discretion. This court summarily affirmed Butler's sentences in December 2011.

In June 2012, Butler filed a motion for postconviction relief in the district court. On May 23, 2019, Butler, now assisted by counsel, filed an amended motion for postconviction relief. In this motion, he alleged that his trial counsel provided him with ineffective assistance in various respects. Specifically, Butler alleged that his trial counsel "was aware of all of the psychological and psychiatric problems that [Butler] suffered from and failed to investigate the effects of his problems and medications on his competency to stand trial and his ability to enter a knowing and voluntary plea." Butler alleged that his trial counsel was also ineffective for failing to depose S.B., take a statement from her, or challenge her version of events. Butler also alleged that his trial counsel was ineffective for failing to investigate four people who lived in his garage and whether they were the ones who actually perpetrated the sexual assaults on S.B. Butler alleged that he had ineffective assistance of appellate counsel when counsel failed to challenge the advisements regarding possible sentences made by the court during the plea hearing in his direct appeal.

The district court entered an order on December 5, 2019, denying Butler's motion for postconviction relief without granting an evidentiary hearing. The court found that Butler's allegations of ineffective assistance of trial counsel did not warrant an evidentiary hearing under both the prejudice and deficiency prongs of analysis. The court first found that the record refuted that Butler suffered any prejudice with respect to any of his claims because there was a significant reduction in the penalties Butler faced as a result of the plea agreement and the State had a particularly strong case against Butler. The court thus denied all of Butler's claims without an evidentiary hearing based on the lack of prejudice.

The court then addressed each of Butler's allegations with respect to the deficiency prong of an ineffective assistance of counsel claim. The court denied Butler's claim that his counsel was ineffective in failing to investigate the four individuals who lived in his garage because Butler's motion "does not provide any insight as to their potential testimony, but merely states they could be the people who committed the sexual assaults rather than himself." The court found that the facts that Butler alleges with respect to trial counsel's failure to investigate were generic and did not state what additional evidence would have been gathered or how it affected Butler's decision to enter a plea rather than go to trial. With respect to Butler's allegations that counsel was ineffective for failing to request a competency hearing, the court found that the record refuted his claim of incompetency. Specifically, the court noted that Butler repeatedly answered questions, had no confusion in answering the questions, and understood what was occurring during the plea colloquy.

Finally, the court addressed Butler's allegations that appellate counsel was ineffective in failing to assert on appeal that the district court erred in advising Butler that probation was a possibility for the crimes charged. The court determined that Butler was facing a Class II felony where probation was an option; thus, Butler failed to articulate an issue that would have changed the result of the appeal. In addition, the court stated that Butler failed to allege that any prejudice occurred because he did not show that the correction would have resulted in him going to trial instead of entering a plea. Butler now appeals to this court.

## ASSIGNMENTS OF ERROR

Butler alleges that the district court erred in denying his motion for postconviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018). On appeal from the denial of postconviction relief without an evidentiary hearing, the question is not whether the movant was entitled to relief by having made the requisite showing; instead, it must be determined whether the allegations were sufficient to grant an evidentiary hearing. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018).

## ANALYSIS

Although a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, where, as here, the defendant was represented both at trial and on direct appeal by the same lawyer, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Armendariz, supra.* Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id.* The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id.*

To show prejudice in the plea context, the defendant must allege facts showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011).

Self-serving declarations that the defendant would have proceeded to trial is not enough; the defendant must present objective evidence showing a reasonable probability that he would have insisted on going to trial. *Id.* The viability of a defense is relevant as to how it would have reasonably affected the defendant's decision whether to plead guilty or go to trial; but it is not the only factor to consider. *Id.* Other relevant factors include the benefit of an offered plea bargain, the potential penalties the defendant faces, and the strength of the State's case. *Id.* All of these factors are relevant to "whether the defendant would, in the light of all the circumstances known to him at the time, roll the dice on that defense and insist on going to trial." *Id.* at 630, 798 N.W.2d at 843.

In Butler's motion for postconviction relief and on appeal, he asserts that his trial counsel was ineffective by failing to depose one of the victims, failing to challenge that victim's prior inconsistent statement, failing to investigate the four persons living in his garage that may also have perpetrated sexual assaults of that victim, and failing to have him evaluated to determine if he was competent to stand trial or enter a plea. He further argues that appellate counsel was ineffective for failing to appeal the issue of whether his plea was knowingly and voluntarily made given the advisements made regarding the possibility of probation. For purposes of our analysis, we will analyze the first three items together under the heading of "Failure to Investigate." We will then proceed to individually analyze the final two issues.

*Failure to Investigate.*

We agree with the district court that Butler's allegations with respect to trial counsel's alleged failure to investigate were too speculative in nature to warrant an evidentiary hearing. In the context of a claim of ineffectiveness of counsel for failure to investigate, allegations are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019). The petitioner must allege the existence of an exculpatory fact pertaining to the charge which could have been discovered by his trial counsel; otherwise, the allegations of ineffective assistance of counsel for failing to investigate will be insufficient to afford a basis for postconviction relief. *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000).

The two counts to which Butler pled no contest to involved sexual assaults on two of his children, C.B. and S.B. In his motion, he fails to allege any potentially exculpatory evidence that the investigation could have procured with respect to the charge regarding Butler's sexual assault of C.B. Butler's allegations regarding taking a deposition or examining past statements made by S.B. and conducting an investigation of the people living in the garage relate only to the count wherein S.B. is the alleged victim. There is no allegation that any further investigation would have exonerated him for the assaults on C.B. As to the sexual assault involving S.B., he does not state what evidence would have been found had his trial counsel investigated the four individuals living in the garage. Rather, he only makes a conclusory statement that they were the real perpetrators of the assaults on S.B. Butler does not state what these individuals would say or testify to. In addition, to the extent that S.B. made statements implicating others as additional perpetrators, this information does not exculpate Butler. We note that to the degree our record addresses this issue,

the record indicates that any sexual assaults committed by the individuals in the garage were in addition to, rather than instead of, Butler's sexual assault of S.B. At the sentencing hearing, the State argued that S.B. was sexually assaulted by multiple people including Butler. In his brief on appeal, Butler asserts that S.B. stated at different times that Butler was both the perpetrator and not the perpetrator of the assaults on her. However, Butler also admitted to the police that he had touched S.B.'s vagina. Accordingly, we agree with the district court's finding that Butler's assertions with respect to trial counsel's purported failure to depose S.B. or investigate S.B.'s statements and the four persons living in the garage were insufficient to establish deficient performance by trial counsel and do not provide a basis for an evidentiary hearing.

For the sake of completeness, we also note that Butler is unable to show prejudice with respect to these claims of ineffective assistance of trial counsel. In order to determine whether Butler was prejudiced by counsel's failure to investigate, we must determine whether there was a reasonable probability that Butler would have insisted on going to trial but for trial counsel's actions. As the district court found, Butler received a significant benefit with respect to the plea agreement and the State had a strong case against him. The original charges against Butler consisted of four Class IB felonies which carried a mandatory minimum sentence of 15 years' imprisonment and a maximum of life imprisonment. See Neb. Rev. Stat. § 28-319.01(2) (Reissue 2016). Had Butler proceeded to trial without any reduction in the charges, he would have faced the possibility of receiving four consecutive sentences, each having a mandatory minimum term of 15 years' imprisonment and a maximum sentence of life imprisonment. However, as part of the plea agreement, the State reduced the four charges alleging Class IB felonies to one charge that was a Class IB felony and one charge that was a Class II felony. A Class II felony carries a significant reduction in penalty as it carries much lower minimum and maximum penalties. Moreover, a Class II felony does not include a mandatory minimum, so any prison sentence on this charge would allow for the immediate credit of good time and even the possibility of probation. See id. We agree with the district court that the State had a strong case against Butler. Both C.B. and S.B. had disclosed their victimization by Butler. Butler admitted to the allegations made by C.B. and while Butler did not remember "penetration" of S.B., he did admit that he touched S.B.'s vagina.

Butler's defense centers on statements from S.B. in a juvenile proceeding and the four persons living in the garage who, he claims, were the ones who perpetrated the assaults on S.B. Butler was charged with first degree sexual assault of a child because of the assaults on both C.B. and S.B. Butler's statements with respect to a defense to the charges on S.B. ignore that he was also charged with the assaults as to C.B., which he offers no defense, nor an allegation of exculpatory evidence. In considering the potential penalties, the strength of the State's case, the viability of a defense, and the benefit of the plea bargain, we conclude that Butler could not show that absent the alleged ineffective assistance of trial counsel, he would have insisted on going to trial. As such, we find no prejudice with respect to any allegations of ineffective assistance of counsel prior to entry of his pleas of no contest.

*Failure to Have Butler Evaluated for Competency.*

Butler alleges that his trial counsel provided ineffective assistance by failing to request a competency hearing when his counsel knew that he was diagnosed with several mental conditions. To demonstrate prejudice from counsel's failure to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found the defendant incompetent had a competency hearing been conducted. *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013). A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016). A court is not required to make a competency determination in every case in which a defendant seeks to plead guilty or to waive his or her right to counsel; a competency determination is necessary only when a court has reason to doubt the defendant's competence. *Id.*

In *State v. Baker, supra*, the defendant, on postconviction, alleged that he was on various medications at the time of his trials and that the medication made him incompetent; however, he did not list the possible side effects of this medication, nor did he make any allegations that he suffered particular side effects to support his claim that these medications made him incompetent. Ultimately, the Nebraska Supreme Court determined that his claims of incompetence were contradicted by the record in the case where the trial court observed the defendant and had no reason to doubt his competence. *Id.* Similarly, in *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010), the Supreme Court determined that the record affirmatively refuted the claim that Vo was incompetent because his responses to questions from the court were appropriate, reflected his knowledge that he was appearing in court for the purpose of entering a no contest plea, and showed that he understood the consequences of entering into the plea as explained by the judge. *Id.*

In the present case, Butler asserts that he was diagnosed with several mental health conditions. He also states that he was on several medications for these mental health conditions including Zoloft, Ativan, Effexor, and Buspar. He did not list the side effects to these medications nor did he make any allegations that he suffered particular side effects that would support his claim that he was incompetent to enter a plea.

The record of the plea hearing affirmatively refutes his allegations as well. While he did state that he was taking medication at the time of the hearing, he affirmatively stated he understood what was occurring during the hearing. Butler's responses to questions from the court were appropriate. On one occasion, Butler asked the court to rephrase what it was saying when he was confused. When the court clarified what had been said, Butler stated that he understood. Butler affirmatively stated that he understood what was occurring during the plea hearing and stated that he was taking his medications as prescribed. He affirmatively stated that he understood the consequences of entering into the plea as explained by the court. He also stated that he understood the charges that he was being charged with and that he still wished to plead no contest to those charges. Therefore, since the record affirmatively refutes that Butler was incompetent at the time of the plea hearing, he has failed to show that trial counsel's performance was deficient by failing

to request a competency evaluation and hearing. Thus, the district court was correct in denying his request for postconviction relief without an evidentiary hearing.

*Ineffective Assistance of Appellate Counsel.*

Butler alleges that his appellate counsel was ineffective because counsel (who was also his trial counsel) failed to appeal whether Butler's plea was knowingly and voluntarily made when the district court did not inform him that first degree sexual assault of a child carried a mandatory minimum sentence nor did the court inform him of the "proper sentence" because the court indicated that it could sentence Butler to probation rather than jail. Brief for appellant at 21.

When analyzing a claim of ineffective assistance of appellate counsel, courts will often begin by determining whether the defendant suffered prejudice by appellate counsel's failure to raise a claim. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). If the claimed deficiency of appellate counsel's performance is the failure to raise a claim on appeal, the court will look at the strength of the claim that appellate counsel failed to raise. *Id.* Much like claims of ineffective assistance of trial counsel, the defendant must show that but for counsel's failure to raise the claim, there is a reasonable probability that the outcome would have been different. *Id.* The prejudice must be of such severity that it renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id.*

It has long been the law of this state that to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly, the court must inform the defendant concerning the nature of the charge; the right to assistance of counsel; the right to confront witnesses against the defendant; the right to a jury trial; and the privilege against self-incrimination and examine the defendant to determine that he or she understands that information. *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). In addition, the record must establish that there is a factual basis for the plea and the defendant knew the range of penalties for the crime with which he or she is charged. *Id.*

In general, under Nebraska law, a defendant must be informed of those consequences which affect the range of possible sentences or periods of incarceration for each charge and the amount of any fine to be imposed as a part of a sentence. *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002). The defendant must be aware of the total potential penal consequences of the plea agreement for the pleas to be entered freely, intelligently, voluntarily, and understandingly. *State v. Van Ackeren*, 234 Neb. 535, 451 N.W.2d 707 (1990). See, also, *State v. War Bonnett*, 229 Neb. 681, 428 N.W.2d 508 (1988) (determining that plea could not be voluntary and intelligent where court did not inform defendant that he or she could be subjected to restitution); *State v. Golden*, 226 Neb. 863, 415 N.W.2d 469 (1987) (determining that plea was not made voluntarily, knowingly, and intelligently when defendant was misinformed about maximum possible penalties when he was informed that sentences could be entered concurrently or consecutively when relevant statute mandated consecutive sentence); *State v. Stastny*, 223 Neb. 903, 395 N.W.2d 492 (1986) (explaining that guilty plea could not be made in voluntary and intelligent manner when defendant was not aware that he would have to serve time in jail).

In the present case, the court informed Butler of all of the potential penal consequences. The court clearly explained that on the first count, he would be subject to a mandatory minimum

sentence of 15 years' imprisonment and a maximum sentence of life imprisonment. In addition, the court informed Butler that on the second count, he would be subject to a maximum of 50 years' imprisonment. The court also informed Butler that he could, in the alternative, enter a sentence of probation. While probation would not be a possibility as to the first count, the second count would allow the court to enter a sentence of probation. Therefore it was not error to advise Butler of the possibility of probation.

Butler was thus made aware of all possible sentences including the maximum possible penalties and acknowledged his understanding thereof. He did not ask questions regarding the possible sentences or seek clarification of the possible sentences that could be imposed. As such we cannot find that appellate counsel performed deficiently in not raising this issue on appeal. While we acknowledge that there could be some basis for confusion as to whether the possibility of probation might apply to both counts, the bottom line is that Butler was advised of the full range of the possible sentences. There is nothing in the record that would indicate that he was promised or led to believe that any particular sentence would be given, including probation. The sentences imposed fell within the range for which he was advised. This assignment of error thus fails.

CONCLUSION

For the reasons stated above, we affirm the decision of the district court to deny Butler's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.