IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BATRES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SERGIO BATRES, APPELLANT.

Filed October 15, 2019.    No. A-19-152.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Remanded with directions.

Arturo Perez for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Sergio Batres appeals from his plea-based conviction and sentence in the district court for Douglas County. He claims that the sentence imposed following his conviction for third degree sexual assault of a child was excessive. While we find that the sentence imposed was not excessive, we also find that the district court failed to properly advise Batres of the potential penalty he faced, and therefore plainly erred in accepting his plea of no contest. Accordingly, we remand with directions.

BACKGROUND

In August 2018, Batres was charged in the district court with three counts of sexual assault on a child in the first degree, in violation of Neb. Rev. Stat. § 28-319.01(1)(a) (Reissue 2016), each a Class IB felony, and one count of sexual assault on a child in the third degree, in violation of

Neb. Rev. Stat. § 28-320.01(1) (Reissue 2016), a Class IIIA felony. Batres initially pled not guilty to the charges. Subsequently, Batres reached a plea agreement with the State, whereby he agreed to plead no contest to one count of attempted sexual assault on a child in the first degree, in violation of § 28-319.01(1) and Neb. Rev. Stat. § 28-201(4)(a) (Cum. Supp. 2018), a Class II felony, and one count of sexual assault of a child in the third degree. In exchange for his plea, the State agreed to dismiss the remaining charges.

Prior to accepting Batres' pleas, the court informed him of the constitutional rights he would be relinquishing if he pled no contest. The court also informed Batres that he was charged with a Class II felony, which carried a minimum sentence of 1 year in prison and a maximum sentence of 50 years in prison; as well as a Class IIIA felony, which carried a maximum sentence of 3 years in prison. The factual basis presented by the State indicated that between December 11, 2011, and December 7, 2013, Batres subjected M.H. to penile-vaginal sexual penetration on multiple occasions, as well as digital penetration. During the same period, Batres rubbed A.H.'s vaginal area. M.H. was born in 2002, and A.H. was born in 2003, making both victims under the age of 12 when the offenses occurred. Batres was born in 1981 and was more than 19 years of age when the offenses occurred.

Following the State's factual basis, the district court accepted Batres' pleas of no contest and found him guilty of both charges. Batres was subsequently sentenced to 15 to 20 years' imprisonment for attempted sexual assault on a child in the first degree and 4 to 5 years' imprisonment for third degree sexual assault on a child. The sentences were to be served consecutively. Batres timely appealed his conviction and sentence for third degree sexual assault on a child. He does not appeal his sentence for attempted first degree sexual assault on a child.

## ASSIGNMENTS OF ERROR

Batres assigns, consolidated and restated, that he was not properly advised of the potential penalty for his offense and that therefore the district court abused its discretion in imposing an excessive sentence.

## STANDARD OF REVIEW

An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Henry*, 292 Neb. 834, 875 N.W.2d 374 (2016). However, an appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018).

## ANALYSIS

Batres asserts that his sentence of 4 to 5 years' imprisonment for third degree sexual assault on a child was an abuse of discretion because, prior to accepting his plea of no contest, the district court advised him that the maximum penalty he faced if convicted was 3 years in prison. While we do not find that Batres' sentence was excessive, we do find that the district court committed

plain error in accepting his plea when it advised him of the wrong maximum penalty for a Class IIIA felony.

When advising Batres of the potential penalty he faced if he was convicted of a Class IIIA felony, the court stated "the sexual assault on a child in the third degree is a Class IIIA felony, which means the maximum sentence that can be imposed is three years in prison." At the time of Batres' sentencing, the potential penalty for a Class IIIA felony was a maximum of 3 years in prison. Neb. Rev. Stat. § 28-105(1) (Reissue 2016). However, Batres committed the offense between December 2011 and December 2013, prior to the enactment of L.B. 605 in 2015, which amended the sentencing guidelines contained in § 28-105.

Section 28-105(8) states "the changes made to the penalties for Class III, IIIA, and IV felonies by Laws 2015, LB 605, do not apply to any offense committed prior to August 30, 2015, as provided in section 29-116." Therefore, Batres should have been advised that the maximum potential penalty was 5 years' imprisonment, the maximum penalty for a Class IIIA felony contained in § 28-105(1) (Cum. Supp. 2014), prior to the enactment of L.B. 605. Thus, although the sentence ultimately imposed on Batres was in accordance with the pre-L.B. 605 sentencing guidelines, he was advised that the maximum penalty was 3 years' imprisonment (the maximum penalty for a Class IIIA felony post-L.B. 605).

Because Batres was not properly advised of the potential penalty he faced, we find that his plea of no contest was not entered into freely, voluntarily, intelligently, and knowingly. As iterated above, Batres assigned that the court abused its discretion by sentencing him according to the pre-L.B. 605 statutory scheme after incorrectly advising him of a post-L.B. 605 penalty; he argues, but does not assign, that his plea was not freely, voluntarily, intelligently, and knowingly entered. However, an appellate court always reserves the right to note plain error. *State v. Chacon, supra*. An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019).

The Nebraska Supreme Court has held that in order to support a finding that a plea of guilty has been entered freely, voluntarily, intelligently, and knowingly, the court must inform a defendant about (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). The court must also ensure the record establishes that there is a factual basis for the plea and that the defendant knew the range of penalties for the crime with which he or she is charged. *Id*. Here, while the record indicates that the court informed Batres of the constitutional rights he would be foregoing by pleading no contest, and that there was a factual basis for the charge, Batres was not informed of the correct range of penalties for a Class IIIA felony. Consequently, Batres' plea of no contest was not entered into freely, voluntarily, intelligently, and knowingly, and the district court erred in accepting his plea.

In *State v. Fischer*, 218 Neb. 678, 357 N.W.2d 477 (1984), the Supreme Court addressed a similar issue. In that case, the trial court failed to inform the defendant of the penalty range for the charge he faced. The defendant asserted that he received an excessive sentence; however, he

did not assign as error the court's acceptance of his plea. The Supreme Court determined that the sentence was not excessive; however, it also determined that it was plain error for the court to accept the defendant's guilty plea without advising him of the potential penalty he faced. In light of this error, the Supreme Court remanded the case to the sentencing court. It directed that court to allow the defendant the opportunity to withdraw his plea. If he did not do so within 10 days from the issuance of the mandate, the sentence as entered would stand.

In the present case, we take a similar approach. Because the district court advised Batres that the maximum penalty was shorter than the penalty statutorily allowed (and actually imposed), it erred in accepting Batres' plea. We therefore remand this case to the sentencing court. In such court, Batres is granted the right to apply to that court for leave to withdraw his plea of no contest. Should he fail to exercise that right to seek withdrawal of his plea within 10 days of the issuance of the mandate in this case, then the sentence heretofore entered by the sentencing court shall stand.

Batres states in his appeal that he "does not assert that he would have withdrawn his plea based upon the difference in sentence. However, he was not afforded that opportunity as the change was inserted at a point in the proceedings when he no longer had that option." Brief for appellant at 7-8. The State interprets this as a concession that Batres is not seeking to withdraw his plea, but we disagree. Batres simply states that he was not afforded an opportunity to withdraw his plea in the district court. As stated above, upon remand, Batres now has this opportunity should he decide to exercise it. In the event he chooses not to, the sentence shall stand as we find it was not excessive.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id*. The sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Batres was convicted of third degree sexual assault of a child, a Class IIIA felony. The sentencing structure in place at the time of Batres' offenses stated that Class IIIA felonies carried a maximum sentence of 5 years in prison. § 28-105 (Cum. Supp. 2014). Thus, Batres' sentence was within the statutory guidelines. Batres' argument that he received an excessive sentence revolves around the fact that he was advised of a lower maximum sentence than the sentence he received, which we addressed above. There is no indication in the record that the district court considered any improper factors in sentencing Batres, nor does he allege any. The court stated, "I have to look after the victims. You continue to deny any involvement. What you did here was shocking and I'm sure it's adversely affected these young ladies to this day." Thus, the court considered the circumstances surrounding Batres' offense, including the impact that his crime had on his victims.

Upon our review of the record, the district court did not consider any inappropriate factors when sentencing Batres, and sentenced him according to the proper sentencing structure in place at the time of his offense. Accordingly, we do not find that the sentence imposed was an abuse of discretion.

## CONCLUSION

The district court failed to properly advise Batres of the potential penalty he faced prior to accepting his plea of no contest to the charge of third degree sexual assault on a child. Therefore, the court erred in accepting Batres' plea, as it was not entered into freely, voluntarily, intelligently, and knowingly. Consequently, Batres has 10 days from the date of mandate to withdraw his plea of no contest. In the event Batres does not withdraw his plea, the sentence is affirmed.

REMANDED WITH DIRECTIONS.